**UNITED STATES of America**

v.

**Ernest T. WALDIN.**

**Cr. No. 18512.**

United States District Court
E. D. Pennsylvania.
April 9, 1957.

W. W. White, U. S. Atty., Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Benjamin R. Donolow, Philadelphia, Pa., for defendant.

GRIM, District Judge.

The defendant in this case has been charged with conspiracy to defraud the United States in that as a Zone Deputy Collector of Internal Revenue he conspired to obtain and did obtain money from a taxpayer by "fixing" or pretending to "fix" an income tax case against the taxpayer. Defendant was found guilty in a jury trial and has filed motions for new trial and for judgment of acquittal.

In view of the verdict against the defendant the facts may be stated as follows: In the early part of 1949 Dr. Francesco Mogavero's income tax liability was being investigated by the Internal Revenue Service. Dr. Mogavero, retained the services of Albert S. Herskowitz as his attorney in these income

tax problems. Herskowitz communicated with the Internal Revenue Bureau several times in an effort to get the facts in the case, but was unsuccessful. Because of his inability to get the facts from the Bureau Herskowitz got in touch with an old friend of his, Ernest T. Waldin, the defendant, who was a Zone Deputy Collector of Internal Revenue. As a Zone Deputy Collector, defendant had only limited powers related to the collection of taxes. He had no power or discretion to determine how much tax was due or how much would be accepted in any case. The zone or area to which he was assigned did not include the places where Dr. Mogavero lived or had his office. Defendant had no authority to make an income tax collection from Dr. Mogavero.

Some time after Herskowitz got in touch with defendant, the defendant called him on the telephone and told him that one, McDougal, wished to speak to him about the Mogavero income tax problem. McDougal came on the line and after Herskowitz had spoken to him (McDougal), the defendant again took over the telephone. Herskowitz then told defendant that McDougal had said that in order to avoid a criminal prosecution Dr. Mogavero would have to "put up" $20,000. When Herskowitz said this defendant replied that it wasn't for him, it was for McDougal: "* * * it was for * * * these other guys." When Herskowitz asked, "What other guys?" defendant said, "The fellows that are going to take care of this thing."

Later defendant called Herskowitz on the telephone and told Herskowitz that he (the defendant) "* * * was going to be or had been in touch with Dr. Mogavero, pressing him to accept this proposition of putting up $20,000 to avoid this tax prosecution." During this telephone conversation with Herskowitz defendant said also, "I want to do something for Mogavero. He came over and took care of my mother for me, and I like him * * * but I tried to set this

thing up for these other people and * * * this is the only way out in this matter." Later, to avoid a criminal prosecution and as a result of defendant's suggestion, Dr. Mogavero handed defendant a package containing $20,000 in cash and said to defendant: "Well, here is the $20,000. Now, what do I get for it? * * * How do I know the whole thing isn't a fake? * * * How do I know I won't be indicted anyhow?" To this defendant answered, "Don't worry * * * everything will be taken care of and you can forget about the indictment. Those others wouldn't double-cross me."

The indictment charged that "Ernest T. Waldin, the defendant herein, and divers other persons whose true identity is * * * unknown, co-conspirators but not named as defendants herein because their names are unknown * * *, did wilfully, knowingly, unlawfully and feloniously conspire with each other to commit offenses against the United States, to wit: * * * to defraud the United States (a) of and concerning its right to have its governmental function of administering the Internal Revenue Laws * * * free from corruption, partiality, improper influence, bribery and dishonesty."

Defendant was indicted under an Act of Congress, 26 U.S.C.A. former Sec. 4047, which provided [1]:

"Every officer or agent appointed and acting under the authority of any revenue law of the United States * * * (4) Who conspires or colludes with any other person to defraud the United States * * * shall be fined * * *."

A revenue official, defendant contends, who engages in a conspiracy to obtain money from a taxpayer by "fixing" or attempting to "fix" his criminal income tax case cannot be guilty under this statute because, he contends, in doing this he is not "acting under the authority of any revenue law of the Unit-

1. The statute was amended in 1954, 26 U.S.C.A. § 7214(a).

ed States." He contends that if he engaged in such a conspiracy he then acted in his individual capacity and beyond the authority of any revenue law. The government, however, contends that the mere fact that defendant was a Zone Deputy Collector of Internal Revenue was enough to satisfy this requirement of the statute.

The opposing contentions in reference to this question were presented to Judge Lord of this court in an argument on a motion to dismiss this indictment. Judge Lord upheld the contention of the government, denied the motion to dismiss the indictment and as to this question established the law of the case, saying:

"To sustain defendant's contention that the fraudulent act must be done under the authority of his office would be to unduly restrict the scope of the statute. The statute is *descriptive only*. An agent or officer of the Internal Revenue Department occupies a position of utmost fidelity and loyalty to the government and as a necessary consequence to this is vested with access to records and knowledge not available to the taxpayer in general. * * * At the time defendant communicated with taxpayer he was in fact a revenue agent and is alleged to have conspired to defraud the United States. The mere fact that defendant did not make his capacity as an agent known to the taxpayer and the act was committed outside of the 'zone' to which he was assigned is of little significance. The important fact is that at all the times alleged he was employed by the Internal Revenue Service. If the court should adhere to defendant's interpretation of the statute, it would result in the strained conclusion that *only* if defendant made his capacity as an agent known to the taxpayer, and further, committed the questionable acts *only* within the 'zone' assigned could he be charged with violation of section 4047(a) (4). With this I cannot agree." United States v. Waldin, D.C.E.D.Pa.1956, 138 F.Supp. 791, at page 796.

The indictment charged that the defendant violated not only the conspiracy provision of the Revenue Code, 26 U.S.C. former Sec. 4047, but also the conspiracy provision of the Criminal Code:

"If two or more persons conspire * * * to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined * * *." 18 U.S.C.A. § 371.

In his charge to the jury the trial judge defined the word conspiracy and said:

"A conspiracy is an agreement by two or more people to commit a crime in concert attended by an act of one or more of the conspirators to effect the object of the conspiracy."

In defining the word conspiracy in this manner the trial judge used the general definition of a conspiracy taken from the Criminal Code provision. Since that provision requires an overt act by a conspirator to complete the crime while the Revenue Code provision does not, the charge to the jury gave defendant an advantage to which, perhaps, he was not entitled. By finding the defendant guilty, however, after the charge which stated that an overt act was essential to the crime of conspiracy, the jury apparently found that he had committed at least one overt act: most likely that he had received the $20,000 payment.

The United States government is entitled to the honest and uncorrupted services of its agents and employees, and when a person conspires to corrupt an agent or employee of the government he thereby conspires to defraud the United States. Hammerschmidt v. U. S., 1942, 265 U.S. 182, 44 S.Ct. 511, 68 L.Ed. 968; Glasser v. U.

S., 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; U. S. v. Manton, 2 Cir., 1939, 107 F.2d 834; U. S. v. Witt, 2 Cir., 1954, 215 F.2d 580; U. S. v. Griffin, 3 Cir., 1949, 176 F.2d 727. There was ample evidence that an object of the conspiracy was to corrupt both unidentified agents or employees and the defendant himself.

In a previous case in this court defendant was charged with and convicted of a violation of subsection (10) of 26 U.S.C.A. former Sec. 4047 [2] in accepting illegally the $20,000 which apparently the jury in the present case also found that he accepted. The trial judge in the previous case granted judgment of acquittal, U. S. v. Waldin, D.C. E.D.1951, 139 F.Supp. 156. That acquittal, however, does not protect defendant from a conviction in the present case. In the present case defendant is charged with a conspiracy rather than a substantive crime and an acquittal on a charge of a substantive crime does not preclude a prosecution of a conspiracy to commit the same substantive crime. Pinkerton v. U. S., 1946, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; Sealfon v. U. S., 1948, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180; U. S. v. DeAngelo, 3 Cir., 1943, 138 F.2d 466.

It should be pointed out that the crime of accepting money illegally (the charge in the previous case) is not the same thing as defrauding the United States as is charged in the present case. Perhaps if the defendant had been acquitted in the first case the question of fact of whether or not defendant received the $20,000 payment would be res adjudicata and he could not be faced again with a charge involving this question of fact. This problem is not before me, however, since the defendant was found guilty in the previous case and at no time, either by the jury or the judge, was it found as a fact that defendant did not receive the $20,000 which in both cases he was charged with accepting.

Defendant's motions for a new trial and for judgment of acquittal will be denied.

---

2. "Every officer or agent appointed and acting under the authority of any revenue law of the United States * * * (10) Who demands, or accepts, or attempts to collect, directly or indirectly, as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do * * shall be fined * * *." See amended provision, 26 U.S.C.A. § 7214(a).