**UNITED STATES of America**

v.

**James Warren MacKENZIE, of Eliot, Maine.**

**Cr. No. 58–62.**

United States District Court
D. Maine, S. D.

Feb. 3, 1959.

798

Peter Mills, U. S. Atty., Elmer E. Runyon, Asst. U. S. Atty., Portland, Me., for plaintiff.

Robert A. Shaines, Portsmouth, N. H., for respondent.

GIGNOUX, District Judge.

On December 4, 1958, a three-count indictment was returned in this Court charging the defendant with violations of various provisions of the Federal Alcohol Tax laws. 26 U.S.C.A. §§ 5174(a), 5601, 5629, 5686(b) and 7302. On December 12, 1958 the defendant was arraigned and entered a plea of not guilty to all three counts of the indictment. On December 19, 1958 the defendant filed a motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. On January 9, 1959 a hearing was held by the Court upon the defendant's motion for a bill of particulars, and at that hearing the defendant moved orally pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure to dismiss the indictment in its entirety because of its failure to charge an offense.[1]

The Court, having received and considered oral and written argument, is of the opinion that all three counts of the indictment are insufficient to charge an offense and that the indictment must, therefore, be dismissed. It follows that it is unnecessary to consider further the defendant's motion for a bill of particulars.

**I.** The Defendant's Motion to Dismiss Count I of the Indictment.

Count I of the indictment charges the defendant with a violation of 26 U.S.C.A. §§ 5174(a) and 5601 by having "in his possession or custody, or under his control" an unregistered still and distilling apparatus which had been set up. Section 5174(a) provides, with an exception not here applicable, that every person "having in his possession or custody, or under his control," any still or distilling apparatus which has been set up, shall register the same with

---

1. Rule 12(b) (2) provides in part that " * * * the failure of the indictment * * * to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

the Secretary or his delegate. Section 5601 contains the penalty and forfeiture provisions for violation of Section 5174 (a).

It will be noted that Count I is phrased in statutory terms and charges the defendant alternatively with having an unregistered still and distilling apparatus "in his possession or custody, *or* under his control." (Emphasis supplied.) It is well settled that where a statute specifies in the alternative several acts constituting an offense, an indictment may allege commission of the offense by all the acts mentioned, using the conjunctive "and" where the statute uses the disjunctive "or". Travis v. United States, 10 Cir., 1957, 247 F.2d 130, 134. It is equally well settled, however, that an indictment which alleges the several acts constituting the statutory offense in the disjunctive or alternative lacks the necessary certainty and is wholly insufficient. United States v. Dedof, D.C.E.D.Pa. 1941, 42 F.Supp. 57; see Heflin v. United States, 5 Cir., 1955, 223 F.2d 371, 373; Price v. United States, 5 Cir., 1945, 150 F.2d 283, certiorari denied, 1946, 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479; Ackley v. United States, 8 Cir., 1912, 200 F. 217, 221. In Re Confiscation Cases, 20 Wall. 92, 87 U.S. 92, at page 104, 22 L.Ed. 320, the Supreme Court thus stated the reason for the rule:

> "It may be conceded that an indictment or a criminal information which charges the person accused, in the disjunctive, with being guilty of one or of another of several offences, would be destitute of the necessary certainty, and would be wholly insufficient. It would be so for two reasons. It would not give the accused definite notice of the offence charged, and thus enable him to defend himself, and neither a conviction nor an acquittal could be pleaded in bar to a subsequent prosecution for one of the several offences."

Accordingly, Count I of the indictment must be dismissed.

## II. The Defendant's Motion to Dismiss Count II of the Indictment.

Count II of the indictment charges the defendant with a violation of 26 U.S.C.A. § 5629, in that he "did engage in carrying on the business of a rectifier, in that, he did convert an industrial alcohol known as 'Pink Lady' by means of distillation, to an alcohol fit for human consumption." Section 5629, in pertinent part, makes it unlawful for any person to engage in or carry on the business of a rectifier "with intent to defraud the United States of the tax on the spirits rectified by him, or any part thereof, or with intent to aid, abet, or assist any person or persons in defrauding the United States of the tax on any distilled spirits."

█ Count II wholly fails to allege the specific intent required by the statute. It is, therefore, fatally defective and must be dismissed. United States v. Cruikshank, 1875, 92 U.S. 542, 23 L.Ed. 588; Barnes v. United States, 8 Cir., 1952, 197 F.2d 271; United States v. Green, D.C.N.D.N.Y.1905, 136 F. 618, 652, affirmed *sub nom*, Green v. MacDougal, 1905, 199 U.S. 601, 26 S.Ct. 748, 50 L.Ed. 328.

## III. The Defendant's Motion to Dismiss Count III of the Indictment.

█ Count III of the indictment charges the defendant with a violation of 26 U.S.C.A. §§ 5686(b) and 7302 by possessing property "intended for use in violation of the Internal Revenue laws or which had been so used." These sections, in relevant part, make unlawful the possession of property "intended for use in violating the provisions of * * * (the Internal Revenue laws), or which has been so used." Section 5686(b) prescribing the penalty and Section 7302 prescribing the forfeiture.

As in Count I, it will be noted that the charge in Count III is phrased in statutory terms and charges the defendant in the alternative, so that the defendant is not informed as to whether he is accused of possessing property which was intended to be used in violation of the In-

ternal Revenue laws or whether he is accused of possessing property which had been so used. For the reasons hereinabove set forth, Count III of the indictment must likewise be dismissed.

In accordance with the foregoing opinion, it is Ordered, Adjudged and Decreed, as follows:

1. The motion of the defendant to dismiss the indictment in its entirety is granted, and the indictment is hereby dismissed.

2. The bail hitherto furnished by the defendant is hereby continued for a period of thirty (30) days pending the filing of a new indictment or information, said bail to be for the appearance of the defendant to answer to any new indictment or information so filed.