**UNITED STATES of America**

**v.**

**Theodore R. WELLS.**

**Cr. No. 1176.**

United States District Court D. Delaware.

June 1, 1959.

Robert W. Wakefield, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

H. Newton White, Wilmington, Del., for defendant.

STEEL, District Judge.

The action is before me upon a motion to dismiss the indictment.

Defendant asserts that the dates of the offenses alleged in Counts II through V are stated in general terms only, and hence those counts fail sufficiently to inform defendant of the charges to enable him to prepare his defense and to plead the judgment as a bar to further prosecution. Count II charges that "on or about the Fall of 1957" the defendant knowingly transported in interstate commerce, for the purpose of sale or distribution, two reels of obscene film in violation of 18 U.S.C. § 1465. Count III is identical with Count II. Counts IV and V are also identical with Count II except that the offense charged in Count IV is alleged to have occurred "on or about the Spring of 1956", that charged in Count V is alleged to have occurred "on or about the Summer of 1956", and Counts IV and V each charge the transportation of two or more reels, whereas Count II charges the transportation of two reels only.

Rule 7(c), 18 U.S.C., deals with the nature and contents of an indictment. It states:

> "The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * It need not contain a formal commencement, formal conclusion or any other matter not necessary to such statement."

The "essential facts" which constitute the offense charged in Counts II through V are the knowing transportation in interstate commerce of obscene film for the purpose of sale or distribution. The statute does not make the date of transportation any part of the offense. In comparable circumstances, it has been held that the date of an offense is not an essential element of it. Ledbetter v. United States, 1898, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Hale v. United States, 5 Cir., 149 F.2d 401; certiorari denied 1945, 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436; Berg v. United States, 9 Cir., 1949, 176 F.2d 122. Since this is so, the requirement of Rule 7(c) has been met even though the date of the commission of the offense is not alleged.

As a second ground for dismissal, the defendant points out that each of the five counts alleges that the films were transported interstate "for sale or distribution". This disjunctive allegation, defendant argues, is duplicitous, and does not fairly inform defendant of the offense with which he is charged so that

he may prepare his defense and plead the judgment in bar of any later action.

A count is duplicitous when it states two or more separate offenses. United States v. Crummer, 10 Cir., 1945, 151 F.2d 958, 963, certiorari denied 1946, 327 U.S. 785, 66 S.Ct. 704, 90 L.Ed. 1012; Frankfort Distilleries, Inc. v. United States, 10 Cir., 1944, 144 F.2d 824, 832; reversed on other grounds, 1945, 324 U. S. 293, 65 S.Ct. 661, 89 L.Ed. 564; United States v. Gilboy, D.C.M.D.Pa.1958, 160 F.Supp. 442, 457. Rule 8(a) requires that separate offenses be pleaded in separate counts. However, as I read 18 U.S.C. § 1465, it specifies only one offense. That offense is the interstate transportation of obscene films for disposition with or without consideration. The fact that the offense embraces interstate transportation intended for either gratuitous or compensable disposition does not make two offenses out of the crime covered by the statute. The counts in question are therefore not duplicitous.

Nonetheless, the authorities state with virtual unanimity that when a statute denounces several things, joined disjunctively with "or", as a crime, the pleader, in drawing an indictment, should connect them by the conjunctive "and"; and under such an indictment, guilt may be established by proof of any one of things conjunctively charged. O'Neill v. United States, 8 Cir., 1927, 19 F.2d 322, 324; Price v. United States, 5 Cir., 1945, 150 F.2d 283, 285; Troutman v. United States, 10 Cir., 1938, 100 F.2d 628, 631; 27 Am.Jur. Indictments and Informations § 104 (1940). Since the indictment charges in each count an interstate transportation for purposes of "sale or distribution", the indictment deviates from the pleading requirement of these authorities.

The Government argues that the penalty under 18 U.S.C. § 1465 is imposed upon the *act* of interstate transportation and that the conjunctive "or" in the statute does not join prohibited *acts,* but merely joins two prohibiting *purposes* of the act of transporting. For this reason, the Government asserts that the principle of the foregoing decisions is inapplicable. The distinction is not significant. The transportation of obscene films is not a crime under the statute unless it is interstate *and* for the purpose of sale or distribution. The interstate transportation and its concomitant purpose are both essential ingredients of the crime. The allegation of the purpose in the disjunctive leaves the defendant in no less a quandary as to the proof which he will have to meet, than does a disjunctive allegation with respect to two or more acts which comprise a statutory crime.

Nevertheless, in the absence of well-settled precedent, I probably would hold that the indictment at bar adequately apprises the defendant of the crime with which he is charged. After all, the distinction between a transfer without charge and one for a consideration is not so great as to prove a practical burden to a defendant in preparing to meet the alternative charges. At least the burden of meeting the disjunctive allegation would be no greater than it would be if the allegation were in the conjunctive. But the principle that an indictment must allege in the conjunctive the several acts specified disjunctively as constituting the offense is so well entrenched that I am reluctant to write an exception into it. For, upon the basis of this principle, if a conviction were obtained under the present indictment, the conviction might well be reversed with the consequent loss of time and money to all concerned and the avoidance of punishment by a law violator. This hazard can be avoided by a dismissal *in limine* of the present indictment. Such a dismissal will not involve any real prejudice to the Government since a reindictment is permissible. See 18 U.S.C. §§ 3288, 3289.

The indictment will therefore be dismissed in its entirety. An appropriate order to this end should be submitted by defendant.