UNITED STATES of America,
Plaintiff-Appellee,

v.

Wayne Hunter CARLTON and William
Thomas Roberts, Defendants-
Appellants.

No. 72-2455.

United States Court of Appeals,
Fifth Circuit.

March 19, 1973.

Brenda M. Abrams, Miami, Fla. (Court appointed), for Carlton.

J. V. Eskenazi, Federal Public Defender, Miami, Fla. (Court appointed, but *not* under *act*), for Roberts.

Theodore J. Sakowitz, Asst. Federal Public Defender, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Bruce E. Wagner, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL and THORNBERRY, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge:

Appellants Carlton and Roberts were jointly indicted and tried in the Southern District of Florida on a two-count indictment which charged them with the possession of counterfeit money in violation of 18 U.S.C.A. § 472 and with conspiracy to violate that section in violation of 18 U.S.C.A. § 371. Carlton was convicted on both counts, Roberts on the conspiracy count only. Each was sentenced to four years on the conspiracy count. Carlton was sentenced to twelve years on the possession count to run concurrently with his sentence for conspiracy. Shortly thereafter Carlton was indicted in the Middle District of Florida for the possession of counterfeit money.

The events upon which the possession in this case was based occurred in the latter part of January and the first part of February 1971, and involved certain counterfeit ten, twenty and fifty-dollar bills. The events upon which the prosecution in the Middle District was based occurred in the latter part of February 1971, and involved counterfeit twenty and fifty-dollar notes, with Serial Nos. F4142467A and GO3979195A, respectively. The counterfeit money which is the subject of both indictments was from the same issue.

Carlton was also indicted in the Middle District for the violation of Title 18 U.S.C.A. § 474 involving the possession of an obligation made in part after the similitude of an obligation of the United States, being the reverse side of a ten-dollar U. S. Treasury obligation. He entered pleas of not guilty in both Middle District cases, but later moved to withdraw his plea in the former case. While his motion was pending he was tried and convicted in this case, following which he was permitted to withdraw his plea of not guilty. The indictment in that case was then dismissed. Sentence was imposed on his plea in the other case.

Both appellants challenge the legal sufficiency of the evidence to sustain their convictions. Carlton asserts double jeopardy as to the possession count by the trial of this case pending his plea of guilty on the possession count in the Middle District.

During late January or early February Carlton rented a house trailer which was parked on Hialeah Speedway property in Hialeah, Florida, in the Southern District of Florida. Shortly after he vacated the trailer items used in the process of printing were discovered in the trailer. Green ink stains, one of the two basic colors used in counterfeiting, were found on certain of the items. During the occupancy of the trailer by Carlton, Roberts was present at the trailer and was observed in the company of Carlton. Some sixty days later when the trailer was moved, a fifty-dollar counterfeit and parts of counterfeit bills were found on the ground beneath the area where the bathroom of the trailer formerly stood. The pipe from the bathroom emptied on the ground at that point. Roberts admitted to the agent that he had assisted Carlton in setting up a printing press in the trailer and furnishing him with printing supplies, but denied any knowledge of the counterfeiting operation and claimed that he thought Carlton was setting up a legitimate print shop. Two of Roberts' fingerprints in green ink were found on an A. B. Dick Blanket Wash can in the trailer. The counterfeit bills, negatives and plates found in the suitcase seized in the Middle District, the pieces of the bills found on the ground at the trailer site, and a bill which was passed in Hialeah were from a common source.

A Kodak filter selector envelope and two sheets of A. B. Dick yellow masking paper containing negatives of counterfeit notes were found in the suitcase. The former contained a fingerprint of Carlton, and the latter two fingerprints and a thumbprint of Roberts.

As stated by this court in United States v. Warner, 441 F.2d 821, 825 (5 Cir.), the test for the sufficiency of the evidence is:

". . . whether, taking the view most favorable to the Government, a reasonably-minded jury could accept

the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. Sanders v. United States, 5 Cir. 1969, 416 F.2d 194, 196; Jones v. United States, 5 Cir. 1968, 391 F.2d 273, 274; Weaver v. United States, 5 Cir. 1967, 374 F.2d 878, 881."

The procedure for the appellate review of the sufficiency of the evidence was set out in Odom v. United States, 377 F.2d 853, 855 (5 Cir. 1967), as follows:

" 'The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.' Glasser v. United States, 1941, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704. Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilt beyond a reasonable doubt. Rua v. United States, 5 Cir. 1963, 321 F.2d 140; Riggs v. United States, 5 Cir. 1960, 280 F.2d 949. In Judge Thornberry's words, '. . . the standard utilized by this Court is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury might reasonably so conclude.' Williamson v. United States, 5 Cir. 1966, 365 F.2d 12, 14."

And as we announced in United States v. Sidan-Azzam, 457 F.2d 1309 (5 Cir. 1972):

"We recognize the well established rule that there the evidence relied on to sustain a verdict is circumstantial it must be such that the trier of fact could reasonably find that the evidence excludes every reasonable hypothesis, except that of guilt. Surrett v. United States, 421 F.2d 403 (5th

Cir. 1970); Riggs v. United States, 280 F.2d 949 (5th Cir. 1960)."

■ Applying these tests we conclude that the evidence was sufficient to sustain the jury's verdict as to each of the appellants on the conspiracy count.

■ Roberts contends that since he was acquitted on the substantive count of possession he could not be guilty of conspiracy to possess the counterfeits. This contention cannot be sustained. An acquittal on a substantive offense does not preclude a verdict of guilty on a count charging a conspiracy to commit such substantive offense. Castro v. United States, 296 F.2d 540 (5th Cir.); United States v. Vastine, 363 F.2d 853 (3rd Cir.); United States v. Marcone, 275 F.2d 205 (2nd Cir.), cert. denied 362 U.S. 963, 80 S.Ct. 879, 4 L.Ed.2d 877; Coy v. United States, 5 F.2d 309 (9th Cir.); United States v. Waldin, (D.C. Pa.) 149 F.Supp. 912, aff'd 253 F.2d 551 (3 Cir.), cert. denied 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147.

■ The essence of the crime of conspiracy is the agreement and not the commission of the crime which is the object of the conspiracy. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211. It is immaterial to the commission of the crime of conspiracy whether the object of the conspiracy is achieved. Rabinowich, supra[1]; Castro v. United States, supra; and Williams v. United States, 179 F.2d 644 (5th Cir.). There must of course be an overt act done in pursuance of the conspiracy, but such act need not constitute the very crime which is the object of the conspiracy, Rabinowich, supra.

■ As regards the sufficiency of the evidence to sustain his conviction on Count 2 for the possession of counterfeits, Carlton is confronted with the facts that a fifty-dollar counterfeit, and many pieces of counterfeit tens, twenties and fifties were found on the ground at

---

[1]. "The conspiracy, however fully formed, may fail of its object, however earnestly pursued; the contemplated crime may never be consummated; yet the conspiracy is none the less punishable." *Id.*

the point where the toilet in the trailer at Hialeah emptied; that the pieces were matted with the residue of sewage; and that the counterfeit bill and pieces bore sundry printing defects identical to those on the bills of like denominations and plates contained in the suitcase seized in the Middle District. The defects were attributable to the fact that all the bills of the same denomination were made from the same negative or photograph.[2] All of the notes were printed on Crane's Crest, a wool finished paper.

Carlton's stay in Hialeah preceded his stay in the Tampa area. The evidence as to the existence of the counterfeits, the photographs, negatives, and plates, Carlton's connection with them, and the common genesis of all the counterfeits, including those found at the location of the trailer in Hialeah, when weighed with all the other evidence, if believed by the jury, was sufficient to establish Carlton's prior possession within the Southern District. The jury's verdict on Count 2 attested that belief. It will not be disturbed.

■ This brings us to the final question—the plea of double jeopardy. The test of double jeopardy was pronounced in Bacom v. Sullivan, 200 F.2d 70 (5th Cir.):

> "To constitute double jeopardy, it is not enough that the second prosecution arise out of the same facts as the first. It must be for the same 'offense.' The same act may constitute an offense against two separate statutes. The recognized test for determining the identity or separateness of offenses charged in two indictments is whether or not the same proof will sustain a conviction under both, or whether one requires proof of facts not required by the other. Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Mc-

Ginley v. Hudspeth, 10 Cir., 120 F.2d 523."

It must be shown that the two offenses are in law and fact the same. Hattaway v. United States, 399 F.2d 431 (5 Cir.).

The fifty-dollar note found at the trailer site bore Serial Number GO3979195A[3]. There were a great many fifties bearing this serial number. One of the pieces of a twenty bore Serial Number F1414246[4]. Hundreds of the twenties bore the number F14142467A. There were many tens bearing the Serial Number CO2227833A. None of the tens were included in the Middle District possession indictment. Different times and locations were charged in the two indictments.

In Riadon v. United States, 274 F.2d 304 (6th Cir.), the court expressed the view that where the two indictments, or trials, were for the same offense a plea of guilty puts the accused in jeopardy. The court added gratuitously that as long as the plea was permitted to stand that jeopardy would result even though the plea be withdrawn. However, the court affirmed the conviction, pointing out that the acts of possessing and passing the counterfeit bills were neither on the same day nor at the same place, although the notes were probably printed from the same plate. In conclusion the court aptly observed that:

> "It would be an unwelcome result and do great injury to the public interest if it were made possible in the application of the double jeopardy provision of the Fifth Amendment for a counterfeiter to plead guilty of possession or transfer of one, or a small number of illicit securities, and thereby secure immunity from prosecution in a subsequent passing or possession of an unlimited number of counterfeited obligations of the United States. This would indeed be what

---

2. The offset process employed in printing all the notes was to take a photograph of a genuine note and from the negative make one or more plates from which the bills were printed.

3. The "A" is indiscernible from the Exhibit.

4. The "7A" is missing from the Exhibit.

Mr. Justice Black in a different setting in Wade v. Hunter, 336 U.S. 684, 691, 69 S.Ct. 834, 838, 93 L.Ed. 974, denominated as 'the mechanical application of an abstract formula.' "

The case of United States v. Nickerson, 211 F.2d 909 (7th Cir.), involved two indictments charging violations of Title 18 U.S.C.A. § 659 [5]. The first indictment, in the Northern District of Illinois, charged the possession of 300 bottles of whiskey on November 19, 1952. The second charged the possession of 23½ cases of whiskey in the Eastern District of Illinois on November 18, 1952. The accused claimed that the offenses charged arose out of the same act and constituted double jeopardy. The court did not agree with the claim, and refused to vacate the convictions.

We cannot agree with the appellant that he was placed in double jeopardy by virtue of his pleas of guilty in either of the Middle District cases. In view of this conclusion we withhold comment respecting the prosecution's contention of waiver of the plea in the possession case.

The convictions as to both appellants are

Affirmed.

5.  Possession of goods, stolen from an interstate shipment.