**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jimmy NOEL, Defendant-Appellant.**

**No. 73–1763.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1973.

Decided Jan. 10, 1974.

Stanley Fink, Memphis, Tenn., on brief, for defendant-appellant.

Thomas F. Turley, Jr., U. S. Atty., Robert F. Colvin, Asst. U. S. Atty., Western District of Tennessee, Memphis, Tenn., on brief, for plaintiff-appellee.

Before EDWARDS, CELEBREZZE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from judgments and sentences entered on a three-count in- dictment after a jury trial in the United States District Court for the Western District of Tennessee, Western Division. Appellant had been charged with viola- tions of 21 U.S.C. § 841 (1970), and 18 U.S.C. § 2 (1970), for aiding and abet- ting and for serving as a principal in the sale and distribution of heroin.

On review of the briefs and appendic- es and oral arguments, the court finds that the record contains ample evidence from which the jury verdicts of guilty could properly have been entered. Addi- tionally, we find no reversible error in the court's handling of voir dire of the prospective jurors, United States v. Car- abbia, 381 F.2d 133 (6th Cir.), cert. de- nied, 389 U.S. 1007, 88 S.Ct. 564, 19 L. Ed.2d 602 (1967), nor in the rulings on admission or exclusion of evidence.

As to this latter question pertaining to the offer of polygraph evidence, *see* United States v. Tremont, 351 F.2d 144 (6th Cir. 1965), cert. denied, 383 U.S. 944, 86 S.Ct. 1198, 16 L.Ed.2d 207 (1966).

The principal issue argued before the court concerned whether or not the first two counts of the indictment represented in actuality the commission of only one crime. In this regard the first and sec- ond counts charged the defendant with aiding and abetting in the sale of 104 grams of a substance containing heroin, and another count of aiding and abet- ting in the sale of .76 grams of a sub- stance containing heroin, both on the same day and through the same agent.

The government's testimony on this score, however, indicated that the sale arranged with appellant Noel pertained to two "spoons" of heroin for two sepa- rate individuals. The security restric- tions of the seller called for delivery by another person at a specific time and place and to only one party. We regard these facts as being such as to require differing substantive proofs as to the two offenses, and that as a consequence, convictions on the two counts were valid.

In addition, we note that the District Judge administered the same sentence

on all three counts, with the sentences being designated to run concurrently.[1]

No other issues of merit being presented, we affirm the judgment of the District Court.

---

1. *See* Barnes v. United States, 412 U.S. 837, 848 n. 16, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).