**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene Edwin HAIRRELL,
Defendant-Appellant.**

**No. 75–1185.**

United States Court of Appeals,
Sixth Circuit.

Aug. 25, 1975.

Certiorari Denied Dec. 15, 1975.
See 96 S.Ct. 568.

Hughie Ragan, Jackson, Tenn. (Court-appointed C.J.A.), for defendant-appellant.

Thomas F. Turley, W. Hickman Ewing, Jr., Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before CELEBREZZE, PECK and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

The defendant appeals his conviction on all counts of a four-count indictment charging him with possession and transfer of counterfeit currency. Defendant had previously been indicted for possession of counterfeit currency and acquitted by a jury which convicted his co-defendants. At the trial from which the present appeal arose defendant admitted the possession and transfer of the counterfeit bills, but asserted defenses of double jeopardy and entrapment. On appeal we consider these defenses and other claims of error.

■■ There is no merit in the argument that the present prosecution constitutes double jeopardy. This defense clearly has no application to the two counts of the indictment in which Hairrell was charged with "passing" counterfeit currency, since his earlier trial was on a charge of possession only. Even though the defendant testified that the counterfeit bills which he delivered to the government informer in the present case were the same ones he was unsuccessfully charged with possessing at an earlier time, his continued possession after acquittal constituted a new and different offense from that with which he was previously charged. This is so because of the nature of a possession-type crime. If one charged with possession of contraband avoids its confiscation and then is acquitted he gains no immunity from prosecution for his continued possession of the proscribed material.

■ The criterion by which a claim of double jeopardy is tested is whether the same proof would be sufficient to uphold a conviction on both the previous charge and the challenged one. If one requires proof of facts not required by the other the cases do not involve the same offense and the second prosecution does not violate the constitutional prohibition against double jeopardy. *Riadon v. United States,* 274 F.2d 304 (6th Cir.), *cert. denied,* 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189 (1960); *United States v. Carlton,* 475 F.2d 104 (5th Cir.), *cert. denied,* 414 U.S. 842, 94 S.Ct. 100, 38 L.Ed.2d 80 (1973). Defendant was convicted of possessing counterfeit currency at a different time and place in the present case from the time and place involved in the earlier charge. The two offenses are not in law and fact the same even though possession of the same counterfeit currency may have been involved in both.

■ The defendant also objected to the indictment on the ground of "multiplicity." The essence of this claim is that he had a single cache of counterfeit bills in his possession, which he delivered to the government informer in a single transaction and that he should have been charged with only one offense. The charges of possession and transfer clearly related to separate offenses and are not multiplicitous. One possession and one transfer charge concerned a number of counterfeit twenty dollar bills and the other pair of charges related to a single one hundred dollar bill that was included in the transfer.

■ "Multiplicity" is the charging of a single offense in separate counts. Wright, *Federal Practice and Procedure,* § 142, p. 306 (1969 ed.). There was evidence in this case that the $100 bill was

treated by defendant and the purchaser as being different from the twenties. It was recognized that it would be harder to pass than the bills of a smaller denomination and defendant apparently did not charge the government informer for the hundred when he agreed to take all the twenties. Even if the indictment were held to be multiplicitous, the defendant has failed to show any prejudice resulting to him. Though he was convicted on all four counts, defendant was only sentenced under the first count. Count one carried a maximum of 15 years imprisonment and a $5,000.00 fine; defendant was sentenced to three years. Imposition of sentence on counts two, three and four was suspended and defendant was placed on probation for a period of three years beginning at the termination of his imprisonment. Under these circumstances defendant has no basis for claiming that he was harmed by the fact that he was charged in four counts rather than two. *United States v. Nickerson*, 211 F.2d 909, 911 (7th Cir. 1954).

■ A number of issues have been raised with respect to the entrapment defense. First, it is argued that the district court should have held that defendant was entrapped as a matter of law. In effect, he contends that the evidence shows, without contradiction, that the criminal design originated with the government, that government agents implanted the idea of breaking the law in his mind at a time when he had no disposition to commit the offense and that the government induced him to break the law so they could prosecute him. *See Sorrells v. United States*, 287 U.S. 435, 441–42, 53 S.Ct. 210, 77 L.Ed. 413 (1932). This argument ignores the fact that the government informer testified that he and the defendant talked about getting rid of the counterfeit money before the informer went to the police or attempted to induce the defendant to sell the bogus money to him. The Supreme Court has found entrapment as a matter of law where it was "patently

clear" that a defendant was induced by a government informer to commit a crime. *Sherman v. United States*, 356 U.S. 369, 373–75, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). The facts in that case are far different from those disclosed by the present record.

■■ In *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the Supreme Court reviewed its opinions in *Sorrells* and *Sherman* and concluded that they "establish that entrapment is a relatively limited defense." *Id.* at 435, 93 S.Ct. at 1644. The defense of entrapment is not established as a matter of law by demonstrating that the government provided the opportunities or facilities for commission of the crime or that deceit was employed to induce a defendant to deal with government agents. If there is any showing of a predisposition on the part of the defendant to commit the crime, it is for the jury to determine whether government agents actually implanted the criminal design in the mind of the defendant. Though the government informer in the present case misrepresented himself to gain the confidence of the defendant and was persistent in his efforts to obtain counterfeit money from him, the district court properly held that the evidence required that the issue of entrapment be submitted to the jury. The testimony of defendant's earlier discussion of the possibility of "getting rid" of the money was sufficient evidence of a predisposition to transfer it in violation of law. *See United States v. Carroll*, 518 F.2d 187 (6th Cir. 1975); *United States v. Ambrose*, 483 F.2d 742 (6th Cir. 1973); *United States v. Cooper*, 321 F.2d 456, 458 (6th Cir. 1963).

In its further efforts to prove a predisposition to commit the offenses charged in the indictment, the government cross-examined the defendant about his previous criminal record. The defendant had been convicted of stealing a television set and he was asked about this conviction. Further, he was questioned about a pending indictment for possession of a

stolen motorcycle, and was asked about his association with pinball machines and matters relating to prostitution which implied a financial interest in local vice activities. Evidence of defendant's conviction of larceny was relevant to the issue of his credibility as a witness. However, the fact that he had once stolen a television set told nothing about his predisposition to transfer and deliver counterfeit money.

■■■■ The government attempts to justify all of the evidence of defendant's previous alleged misconduct on the ground that it tends to show his predisposition to commit the crimes for which he was being tried. This position is untenable. The defense of entrapment does not give the prosecution the right to put a defendant's general character into issue or to convey to the jury the impression that he is an evil man, and thus that he probably committed the charged offense. In *Sorrells v. United States, supra,* it was stated that an accused who relies on entrapment as a defense may be subjected to "an appropriate and searching inquiry into his own conduct and predisposition" to commit the crime charged. 287 U.S. at 451, 53 S.Ct. at 216. The purpose of such inquiry is to determine whether the criminal design originated in the mind of the accused or was planted there by the government at a time when the accused had no disposition to break the law which he ultimately violated. Only evidence of character which tends to show a predisposition to "willingly engage in the specific criminal conduct involved" in the charge is admissible. *United States v. Ball,* 428 F.2d 26, 32 (6th Cir. 1970). The relaxed standard for admission of evidence of a defendant's prior conduct permitted in these cases does not "provide a license for the prosecution to roam at will through his past, either by the introduction of extrinsic evidence or by the use of cross-examination." *United States v. Ambrose, supra,* 483 F.2d at 748.

■■■■ The "overkill" practiced by the prosecution in this case requires reversal of the conviction on the two charges of transferring and delivering counterfeit money. Obviously, however, the defense of entrapment did not apply to the two possession charges. The defendant freely admitted that he possessed the counterfeit currency prior to his dealings with the government informer and sought to evade prosecution by interposing the legal defense of double jeopardy. His preliminary motion for dismissal of all charges on the ground of double jeopardy recited his previous indictment, trial and acquittal. After the court had overruled the motion to dismiss, counsel for the defendant stated that he intended to disclose the fact of his client's previous indictment, trial and acquittal to the jury.

Thereafter a secret service agent testified concerning the investigation of counterfeiting in the Memphis area and the subsequent arrest of defendant along with his brother and several other persons. The only objection by defendant was to certain hearsay statements and to failure of the prosecution to introduce the record of the prior proceedings. The court cautioned the prosecuting attorney to always identify the defendant's brother specifically to avoid confusion with the defendant and advised counsel for the defendant that he could cross-examine the witness to show his client's acquittal of the previous charges. The agent then testified that the defendant had been acquitted of the former charges of possession. In cross-examining the agent, counsel for defendant went into great detail about the previous charges against defendant in attempting to show that the same counterfeit money was involved in both prosecutions.

■■■■ On appeal it is claimed that the defendant was prejudiced by admission of evidence concerning the previous charges of which he had been acquitted. Much of this evidence would have been inadmissible if it had been offered without any tie to issues in the case, and had been properly objected to. However, the insistence of defendant that he be permitted to prove these facts in support of

his double jeopardy claim after the court had denied his motion opened the door to the testimony of the agent. Furthermore, at the trial defendant's objections appeared to seek only the introduction of the official record of his acquittal. The court sustained several of his objections where the testimony of government witnesses could have been misunderstood to refer to him rather than to his brother, who was convicted. Under these circumstances the district court did not commit reversible error in permitting testimony of the previous arrest, trial and acquittal of the defendant.

■ Though the convictions under counts two and four of the indictment which charged defendant with willfully and knowingly transferring counterfeit money must be reversed, this determination does not require reversal of the convictions under counts one and three. These counts charge possession only of counterfeit money. The defendant admitted the possession and stood squarely on his claim of double jeopardy. Since there was no error in the action of the district court in denying dismissal of the possession charges, these charges were properly submitted to the jury. The guilty verdicts under counts one and three are unaffected by the evidentiary errors related to the entrapment issue, and are supported by overwhelming evidence of guilt beyond a reasonable doubt.

The judgment of the district court with respect to counts one and three is affirmed. The judgment is reversed with respect to counts two and four, and the case is remanded for dismissal of those counts.