**UNITED STATES of America, Plaintiff,**

v.

**Selma E. OVERBAY, Defendant.**

**No. CR-2-77-14.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 13, 1977.

See also, D.C., 444 F.Supp. 259.

John L. Bowers, U. S. Atty., Gordon Ball, and Richard K. Harris, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

18. *See e. g., Melvin v. Laird, supra; Carter v. Seamans, supra* at 773–74.

Thomas L. Kilday, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mrs. Overbay moved for a dismissal of the indictment herein or, alternatively, for the dismissal of certain counts thereof. Rule 12(b)(2), Federal Rules of Criminal Procedure. Such motion was referred to a United States magistrate of this district for a report and recommendation as to its disposition by the Court. 28 U.S.C. § 636(b)(1)(B). It was recommended that the motion be denied in its entirety. The defendant made timely objections to such recommendation, and the Court considered such objections de novo. 28 U.S.C. § 636(b)(1).

■ The 13-count indictment herein charges Mrs. Overbay with 13 violations of 18 U.S.C. § 665.* Specifically, each count charges that:

      \*     \*     \*     \*     \*     \*

\* \* \* [Mrs.] Overbay, an employee of the First Tennessee Human Resource Agency, an agency receiving financial assistance on the above date under the Comprehensive Employment and Training Act of 1973, willfully and knowingly embezzled and obtained by fraud the following amount of money which was the subject of a grant or contract of assistance pursuant to the Comprehensive Employment and Training Act of 1973, by causing to be issued, a paper writing in the form of a check drawn on the First Tennessee Human Resource Agency Account in the Mountain Empire Bank of Johnson City, Tennessee \* \* \* and by causing said check to be delivered to said [Mrs.] Selma E. Overbay, who then forged the name of the payee and uttered

the check and received and converted to her own use the proceeds thereof, well knowing that she was not entitled thereto \* \* \*.

"The Federal Rules of Criminal Procedure, 18 U.S.C.A., were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure. \* \* \*" *United States v. Debrow* (1953), 346 U.S. 374, 376, 74 S.Ct. 113, 115, 98 L.Ed. 92, 96 (headnote 3), citing Rule 2, Federal Rules of Criminal Procedure. "\* \* \* [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [s]he must defend, and, second, enables [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense. \* \* \*" *Hamling v. United States* (1974), 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620[25], citing: *Hagner v. United States* (1932), 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, and *United States v. Debrow, supra*. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without any ambiguity or uncertainty, set forth all the elements necessary to constitute the offense intended to be punished. *Ibid.*, 418 U.S. at 117, 94 S.Ct. at 2907, 41 L.Ed.2d at 620–621[26]. "\* \* \* 'Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which [s]he is charged.' \* \* \*" *Ibid.*, 418 U.S. at 117–118, 94 S.Ct. at 2907, 41 L.Ed.2d at 621[27], quoting from *United States v. Hess* (1888), 124 U.S. 483, 487, 8 S.Ct. 571, 31 L.Ed. 516, 518. Tested against these criteria, the indictment herein is sufficient.

---

\* "\* \* \* Whoever, being an \* \* \* employee of \* \* \* any agency receiving financial assistance under the Comprehensive Employment and Training Act of 1973 embezzles \* \* \* or obtains by fraud any of the moneys, funds, assets, or property which are the subject of a grant or contract of assistance

pursuant to this Act shall be fined not more than $10,000 or imprisoned for not more than two years, or both; but if the amount so embezzled \* \* \* or obtained by fraud does not exceed $100, he shall be fined not more than $1,000, or imprisoned not more than one year, or both. \* \* \*" 18 U.S.C. § 665(a).

Mrs. Overbay also contends the language used in each count of the indictment, charging that she " * * * willfully and knowingly embezzled and obtained by fraud * * *" the money so thereafter described, renders each such count defective. However, where, as here, the statute specifies several alternative ways in which the offense can be committed by using the disjunctive word, or, the indictment may properly allege the commission of such offense by one or more of such methods by using the conjunctive word, and. *Crain v. United States* (1896), 162 U.S. 625, 636, 16 S.Ct. 952, 40 L.Ed. 1097, 1100; *United States v. Jones,* C.A. 9th (1974), 491 F.2d 1382, 1384[3, 4]; *United States v. Miller,* C.A. 5th (1974), 491 F.2d 638, 648[14–16], certiorari denied (1974), 419 U.S. 970, 95 S.Ct. 236, 42 L.Ed.2d 186; *Gerberding v. United States,* C.A. 8th (1973), 471 F.2d 55, 59[7]; *United States v. McCann,* C.A. 5th (1972), 465 F.2d 147, 162[9]; *Morrison v. United States* (1966), 124 U.S.App.D.C. 330, 331–332, 365 F.2d 521, 522–523[1]; *Driscoll v. United States,* C.A. 1st (1966), 356 F.2d 324, 331[8]. In fact, if the indictment herein were phrased in the conjunctive, there would exist a serious question of its being insufficient and subject to dismissal. See: *United States v. Donovan,* C.A. 7th (1964), 339 F.2d 404, 407–408, certiorari denied (1965), 380 U.S. 975, 85 S.Ct. 1338, 14 L.Ed.2d 271; *United States v. Wells,* D.C.Del. (1959), 180 F.Supp. 707, 709[7]; *United States v. MacKenzie,* D.C.Me. (1959), 170 F.Supp. 797, 799[1]. Furthermore, " * * * [i]t may be alleged in a single count that * * * the defendant committed the offense * * * by one or more specified means. * * *" Rule 7(c)(1), Federal Rules of Criminal Procedure. Such is precisely alleged in the indictment herein.

Lastly, the defendant contends that " * * * the language of the thirteen (13) counts of the indictment [herein] clearly allege and detail only four (4) transactions and offenses on the stated dates, involving numerous checks. * * *" Although Mrs. Overbay refers to such alleged deficiency as being " * * * duplicitous, * * *" she obviously is referring to "multiplicity" which " * * * is the charging of a single offense in separate counts. * * *" *United States v. Hairrell,* C.A. 6th (1975), 521 F.2d 1264, 1266[5].

" * * * Multiplicity * * * is an objection ordinarily raised on appeal or by post-conviction motion, since it challenges not the propriety of the prosecution itself but the imposition of cumulative sentences." 8 Moore's Federal Practice (2d ed.) 8–47, ¶ 8.07[1]. " * * * The joinder of multiple counts based on the same conduct is not a basis for challenging the legality of an indictment * * * [for] * * * [a] determination of whether there is multiplicity often cannot be made prior to trial. * * *" *Ibid.,* at 8–50, ¶ 8.07[1]. Such defects are not so fatal as to require the dismissal of an indictment. *United States v. DeStafano,* C.A.2d (1970), 429 F.2d 344, 348[5], certiorari denied (1971), 402 U.S. 972, 91 S.Ct. 1656, 29 L.Ed.2d 136; *United States v. Ketchum,* C.A.2d (1963), 320 F.2d 3, 8[7–11], certiorari denied (1963), 375 U.S. 905, 84 S.Ct. 194, 11 L.Ed.2d 145; *United States v. Brandom,* D.C.Mo. (1970), 320 F.Supp. 520, 525[3]; *United States v. Saporta,* D.C.N.Y. (1967), 270 F.Supp. 183, 187[5]. In this connection, Mr. Justice Frankfurter stated for the Supreme Court:

* * * * * *

* * * Whether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an [indictment] and may have to await the trial on the facts.

* * * [A]n indictment may charge crime in a variety of forms to avoid fatal variance of the evidence. [Its draftsman] may cast the indictment in several counts whether the body of facts upon which the indictment is based gives rise to only one criminal offense or to more than one. * * * In any event, by an indictment of multiple counts the prosecutor gives the necessary notice and does not do the less so because at the conclusion of the Government's case the defendant may in-

sist that all counts are merely variants of a single offense.

\*   \*   \*   \*   \*   \*

*United States v. Universal C. I. T. Credit Corp.* (1952), 344 U.S. 218, 225, 73 S.Ct. 227, 97 L.Ed. 260, 266 (headnotes 9, 10).

The Court does not read the 13-count indictment herein as charging Mrs. Overbay with any less than 13 separate violations of 18 U.S.C. § 665, although it is alleged that the same occurred on only 4 separate dates. Of course, the proof at trial may indicate otherwise, since the plaintiff will be required to present different substantive proof as to each separate offense. *Blockburger v. United States* (1932), 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306, 308; *United States v. Noel,* C.A. 6th (1974), 490 F.2d 89, 90; *cf. United States v. Williams,* C.A. 6th (1973), 480 F.2d 1204, 1205[3].

The recommendation of the magistrate hereby is ACCEPTED, and the defendant's motion hereby is

DENIED.

See also D.C., 444 F.Supp. 256.

John L. Bowers, U. S. Atty., Gordon Ball and Richard K. Harris, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Thomas L. Kilday, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for defendant.