**UNITED STATES**

v.

**David A. WOODE, 551 51 5199, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 84–1367.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 Nov. 1983.

Decided 25 June 1984.

---

* Captain Edward K. Sanders took final action on this case prior to his detachment on 13 June 1984.

LT J.K. Ianno, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and CASSEL and GARVIN, JJ.

GLADIS, Senior Judge:

At a general court-martial, contrary to his pleas, appellant was found guilty of, among other offenses, introduction of a controlled substance (cocaine) into a military base "for the purpose of use and/or distribution". Appellant now argues that this use of the conjunctive and disjunctive is improper and thus the charge is void.

 The law is well settled that an offense may not be charged alternatively in both the conjunctive and the disjunctive. *United States v. Autrey,* 12 U.S.C.M.A. 252, 30 C.M.R. 252 (1961); *Heflin v. United States,* 223 F.2d 371 (5th Cir.1955). The traditional rationale supporting this stems from the uncertainty of a charge that is drafted in such a manner, *United States v. MacKenzie,* 170 F.Supp. 797 (D.Me.1959). It is also clear that when a statute provides for alternative means by which an offense can be committed, the charge should use the conjunctive "and" rather than the disjunctive "or". *United States v. Malinowski,* 347 F.Supp. 347 (D.Pa.1972), *aff'd* 472 F.2d 850 (3rd Cir.1973), *cert. denied* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). *See* Paragraph 28*b*, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). *But see United States v. Laverick,* 348 F.2d 708 (3rd Cir.1965), *cert. denied* 382 U.S. 940, 86 S.Ct. 391, 15 L.Ed.2d 350 (1966).

 The specification in question alleges a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Paragraph 213*g*, MCM, provides that the act of introducing cocaine into a military installation is a violation of this article, and recognizes as an aggravating circumstance such an introduction with the intent to distribute the drugs. The maximum period of confinement at hard labor that can be awarded for simple introduction is five years, while introduction with the intent to distribute is punishable by fifteen years confinement.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Lois B. Agronick, JAGC, USNR, Appellate Defense Counsel.

An introduction with the intent to use is not recognized as an aggravating circumstance under Article 134 and is punishable as a simple introduction.

■ The appellant is properly charged with the introduction of cocaine into a military base. However, the specification also uses language in both the conjunctive and the disjunctive to allege the purpose of the introduction. It is this inartfully worded portion of the specification alleging an intention to "use and/or distribute" that is fatally defective. No reasonable reading of this language can give any clue to the offense with which the appellant was charged and of which he was specifically found guilty. There can be three distinctly different interpretations of what this language alleges; introduction with the intent to use, introduction with the intent to distribute, or introduction with the intent to use *and* distribute. On its face, the "and/or" language is so ambiguous that the questioned portion of the specification does not properly inform us of the offense of which the appellant has been convicted and the maximum applicable punishment. Consequently, we shall disapprove the finding of guilty as to the ambiguous portion of the specification and reassess the sentence.

The findings of guilty, as approved on review below, are affirmed except for the words "for the purpose of use and/or distribution" in specification 1. Upon reassessment, the sentence, as mitigated by the convening authority, is affirmed.

Judge CASSEL and Judge GARVIN concur.