# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ALLEN D. CHESTNUT**
**United States Army, Appellant**

ARMY 20120612

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Gregory A. Gross, Military Judge
Colonel Jeffery D. Pedersen, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain Robert Feldmeier, JA  (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

31 October 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of assault with a dangerous weapon, thirteen specifications of bribery, six specifications of making a false official statement, and two specifications of attempted bribery in violation of Articles 80, 107, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 907, 928 and 934 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for forty-four months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a fine of $2500.00. The convening authority awarded appellant 138 days of confinement credit.

The case is now before this court for review under Article 66, UCMJ. Appellant submitted a merits pleading to this court and personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).  We find those matters raised by appellant are without merit.  However, one issue warrants discussion but no relief.

**LAW AND DISCUSSION**

Appellant was charged with fifteen specifications of asking for and receiving bribes under Article 134, UCMJ.[1]  Consistent with Rule for Court-Martial 307(c)(3), each of these specifications contained a brief statement of the essential facts constituting the respective offense and expressly alleged every element.  However, when drafting the specifications, the government elected to use the following language to address the terminal element for each specification: "such conduct being to the prejudice of good order and discipline in the armed forces *and/or* of a nature to bring discredit upon the armed forces." (emphasis added.)

Pursuant to a pretrial agreement, appellant pleaded guilty to thirteen of the fifteen bribery specifications.  At the outset of the providence inquiry, the military judge listed the elements of bribery, including that "under the circumstances, your conduct was to the prejudice of good order and discipline in the armed forces *and or* of a nature to bring discredit upon the armed forces." (emphasis added).  A stipulation of fact addressed both theories of the terminal element and established that appellant's conduct giving rise to the bribery offenses was both prejudicial to good order and discipline and service discrediting.  This stipulation of fact and the colloquy with the military judge satisfied the providency requirement.  *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

The government's use of "and/or" in the Article 134, UCMJ, specifications appears to be a combination of a disjunctive and conjunctive pleading. This court, among others, has highlighted the inherent problems in the use of disjunctive pleadings.  *See United States v. Crane*, ARMY 20080469, 2009 WL 6832590 at *1 (Army Ct. Crim. App. 18 Aug. 2009) (mem. op.) (disjunctive pleadings are "strongly discourage[d]" and "serve no discernible purpose and unnecessarily create avoidable appellate issues");  *United States v. Woode*, 18 M.J. 640, 642 (N.M.C.M.R. 1984) (alleging an intent to use "and/or" distribute cocaine was fatally defective);  *United States v. Autrey*, 30 C.M.R. 252, 254 (C.M.A. 1961) (use of "and/or" is an "abominable combination of a conjunctive and a disjunctive [which] means either 'and' or 'or'. . . [and] [i]ts use has led to judicial lament over the inability of drafters to state the terms of legal documents in plain English").

However, despite this problematic pleading, under the unique facts of this case the error is not fatal, and appellant is entitled to no relief.  First, in the case of a guilty plea, we will "view the specification with maximum liberality."  *United*

---

[1] Each specification was modeled largely after the example provided in the *Manual for Courts-Martial*.  *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶66.b.  However, the sample specification in the *MCM* does not include the terminal element.

*States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012) (internal quotations and citation omitted). "A counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Id.* at 33 (quoting *Menna v. New York*, 423 U.S. 61, 62 n. 2 (1975)). Further, while charging in the disjunctive is disfavored, it does not render a specification under Article 134 fatally defective. *See United States v. Miles*, 71 M.J. 671, 673 (N.M. Ct. Crim. App. 2012). It has been exhaustively clarified that the phrase "prejudicial to good order and discipline or of a service-discrediting nature" merely pleads two different theories of liability for a singular terminal element under which an accused can be found guilty of but one offense. *See United States v. Medina*, 66 M.J. 21 (C.A.A.F. 2006).

Here, appellant was apprised of the elements of the offense of bribery by the military judge, including the definitions and explanation of the terminal element. Appellant freely admitted that his conduct satisfied the terminal element. Also, the stipulation of fact thoroughly addressed both Clauses 1 and 2 and plainly established that his conduct satisfied both.

## CONCLUSION

On consideration of the entire record and submissions of the parties, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court