**UNITED STATES of America, Plaintiff,**

v.

**Isaac Allen CLEVENGER, Jr.,
Defendant.**

No. CR–2–78–2.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 24, 1978.
On Motion to Dismiss May 1, 1978.

John H. Cary, U. S. Atty., W. Thomas Dillard and Guy W. Blackwell, Jr., Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

W. Gordon Ball, Newport, Tenn., for defendant.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

■ The defendant moved prematurely on February 10, 1978 [1] for a continuance of the trial of this action. On March 1, 1978 this action was assigned for trial to commence on April 18, 1978. The aforementioned motion has not been renewed,[2] and in view of the unsupported [3] allegations made in support thereof this Court cannot, and does not, find that the ends of justice served by granting such a continuance would outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(8)(A).

In the discretion of the Court, such motion hereby is

DENIED. *United States v. Faulkner*, C.A. 6th (1976), 538 F.2d 724, 729[11].

■ Additionally, the defendant moved the Court to require the government to permit him to inspect and copy certain information. Such motion is premature and, for such reason, lacks merit.[4]

■ A defendant has no general constitutional right to discovery in a criminal case, *Weatherford v. Bursey* (1977), 429 U.S. 545, 561, 97 S.Ct. 837, 849, 51 L.Ed.2d 30, 42[6]; but rather, any such discovery is governed by the provisions of Rule 16, Federal Rules of Criminal Procedure.

1. Such motion was originally filed in the United States District Court for the Middle District of Tennessee, Nashville Division, on February 10, 1978, prior to the transfer of this action to this district and division.

2. The Court is advised through the clerk that counsel for the defendant has indicated that he no longer believes that such a requested continuance is necessary and that he will renew such motion in the event the defendant later desires such a continuance.

3. " * * * Counsel shall submit with all written motions * * * where allegations of fact are relied upon, affidavits in support thereof." Local Rule 12(a).

4. The motion is obviously overbroad in the scope of the materials sought to be discovered. *United States v. Conder*, C.A. 6th (1970), 423 F.2d 904, 910[7], certiorari denied *sub nom. Pegram v. United States* (1970), 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267; *United States v. Moore*, C.A. 6th (1971), 439 F.2d 1107, 1108.

" * * * The language of Rule 16, as amended in 1975, has been recast from 'the court may order' or 'the court shall order' to 'the government shall permit' * * * in order to make clear that discovery should be accomplished by the parties themselves. Only if there is a failure to comply should the court have to interfere. * * * " 1 Wright, Federal Practice and Procedure: Criminal 221 (1976 Suppl.), § 258; *accord*: 8 Moore's Federal Practice (2d ed.) 16–48, ¶ 16.03[1].

In considering the aforementioned amendments, as proposed by the Supreme Court, the Committee on the Judiciary of the House of Representatives noted that, thereunder, " * * * the parties themselves will accomplish discovery—no motion need be filed and no court order is necessary. The court will intervene only to resolve a dispute as to whether something is discoverable or to issue a protective order. * * * " Notes on Committee on the Judiciary House Report No. 94–247, Historical Note, Rule 16, Rules of Criminal Procedure, 18 U.S.C.A. page 358. Such committee " * * * agree[d] that the parties should, to the maximum possible extent, accomplish discovery themselves * * * [and that] * * * [t]he court should become involved only when it is necessary to resolve a dispute or to issue an order pursuant to subdivision (d). * * * " *Idem.*

The defendant does not claim to have made any previous request of the plaintiff for the discovery of any of the materials sought by such motion. Neither does the same appear from the record herein, although the government's response to such motion indicates that counsel for the defendant has been, or will be, provided everything to which the defendant is entitled under Rule 16, *supra.*

■ The Court notices judicially that the United States attorney for this district ordinarily complies with the request of a criminal defendant for the discovery of any materials which are permitted by Rule 16, *supra.* This renders unnecessary generally motions such as the instant one. Under such circumstances, the Court feels that any

intervention by it into the parties' extrajudicial discovery process at this time would be contrary to the policy expressed by the Congress and the Supreme Court in promulgating and enacting the 1975 amendments to Rule 16, *supra.*

Accordingly, the defendant's aforementioned motion hereby is DENIED without prejudice to his renewal of the same upon the failure of the plaintiff to comply with the provisions of Rule 16, *supra.*

■ The defendant moved the Court also to require, the prosecution to file herein a bill of particulars. Rule 7(f), Federal Rules of Criminal Procedure. The prosecution appears to have particularized voluntarily most of the matters requested in such motion, see response to motion for bill of particulars herein of March 22, 1978. It appearing that each count of the indictment herein, as so particularized by the government, is not too vague nor indefinite to inform the defendant of the nature of the respective charge against him herein with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offenses, *United States v. Brimley*, C.A. 6th (1976), 529 F.2d 103, 108[12], in the discretion of the Court, *Will v. United States* (1967), 389 U.S. 90, 98–99, 88 S.Ct. 269, 275[13], 19 L.Ed.2d 305, such motion hereby is

DENIED.

### ON MOTION TO DISMISS

### MEMORANDUM OPINION AND ORDER

The defendant Mr. Clevenger moved the Court pretrial to dismiss the indictment herein in its entirety, or alternatively, to dismiss certain counts or portions thereof. Rules 12(b)(1), (2), Federal Rules of Criminal Procedure. The motion lacks merit in each such alternative.

Mr. Clevenger first contends that the indictment " * * * does not charge [him] with any violation of Tennessee law. * * * "

While this may be so, the defendant apparently overlooks the fact that he is being prosecuted in a federal court under an indictment returned by a federal grand jury, charging him with the commission of federal offenses. The Court will consider, however, the possibility that Mr. Clevenger is contending that the indictment fails to charge him with an offense against the United States.

■ Each of the 11 counts of this indictment charges that the defendant committed the offense of mail fraud in violation of 18 U.S.C. § 1341.[1] " * * * 'The elements of the offense of mail fraud under 18 U.S.C. * * * § 1341 are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme.' * * * " *United States v. Schilling*, C.A. 6th (1977), 561 F.2d 659, 661[1], quoting from *Pereira v. United States* (1954), 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435; *accord: United States v. Ferguson*, C.A. 6th (1976), 529 F.2d 226, 228.

■ Each count of the indictment charges (1) that Mr. Clevenger devised and intended to devise a scheme and artifice to defraud and to obtain money by false and fraudulent pretenses, representations, and promises from certain insurance companies; and (2) that on a certain date Mr. Clevenger, for the purpose of executing such scheme and artifice, knowingly caused to be placed in an authorized depository for mail matter a certain described letter. Thus, each count charges the defendant with an offense against the United States, namely, a violation of 18 U.S.C. § 1341. See *United States v. Seasholtz*, C.A. 10th (1970), 435 F.2d 4, 8[8].

■ Next, the defendant seeks the dismissal of counts II through XI, inclusive, of the indictment herein on the ground that, since one of the insurance companies involved (Life and Casualty Company of Tennessee) had actual or constructive knowledge that he (the defendant) had other insurance coverage, " * * * [t]here could be no actual fraud. * * * " It is elementary, however, that, under 18 U.S.C. § 1341, the success or failure of the scheme is irrelevant, and it is not necessary for the government to allege or prove that any person or entity was actually defrauded. *New England Enterprises, Inc. v. United States*, C.A. 1st (1968), 400 F.2d 58, 72[17], certiorari denied (1969), 393 U.S. 1036, 89 S.Ct. 654, 21 L.Ed.2d 581; *Andreadis v. United States*, C.A. 2d (1966), 366 F.2d 423, 431[9], certiorari denied (1967), 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541; *United States v. Meyer*, C.A. 7th (1966), 359 F.2d 837, 839–840[6], certiorari denied (1966), 385 U.S. 837, 87 S.Ct. 85, 17 L.Ed.2d 71; *Adjmi v. United States*, C.A. 5th (1965), 346 F.2d 654, 657[1], certiorari denied (1965), 382 U.S. 823, 86 S.Ct. 54, 73, 15 L.Ed.2d 69; *Atkinson v. United States*, C.A. 8th (1965), 344 F.2d 97, 98[3], certiorari denied (1965), 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106.

■ The defendant claims also that certain portions of the indictment should be dismissed, since they allege events which took place outside the 5-year limitation period contained in 18 U.S.C. § 3282.[2] This indictment was returned by the grand jury on January 9, 1978. The defendant concedes readily that the statute of limitations in a mail fraud case runs from the date of mailing. *United States v. Garland*, D.C.Ill. (1971), 337 F.Supp. 1, 4[9].

The earliest mailing charged in any count of the indictment herein was on May 1, 1973. Thus, the defendant is not being

---

1. " * * * Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money, * * * by means of false or fraudulent pretenses, representations, or promises, * * * for the purpose of executing such scheme or artifice or attempting so to do, places in any * * * authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service * * * shall be fined not more than $1000 or imprisoned not more than five years, or both." 18 U.S.C. § 1341.

2. " * * * [N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment * * * is instituted within five years next after such offense shall have been committed. * * * " 18 U.S.C. § 3282.

prosecuted, tried, or punished for any offense committed more than 5 years prior to the return of the indictment. Furthermore, any matters which took place without the statutory period are relevant and admissible to show the existence of the scheme involved and the guilty intent of the defendant. *United States v. Ashdown*, C.A. 5th (1975), 509 F.2d 793, 798[3], [4–7]; *United States v. Brandom*, C.A. 8th (1973), 479 F.2d 830, 831 n. 1; *United States v. Blosser*, C.A. 10th (1971), 440 F.2d 697, 699[2].

 Mr. Clevenger seeks the dismissal of counts II, III, VI, and XI, on the ground that he never made any material misrepresentations to Life and Casualty Insurance Company concerning any accident policy. The defendant cites no authority in support of this contention, and the Court is aware of none. These factual contentions should be raised at trial, either on a motion for a judgment of acquittal or in argument to the jury. They are not appropriate for the Court to consider on a motion to dismiss an indictment.

It is urged also that the Court should require the plaintiff to elect between counts VI and VII since the same are " * * * duplicitous. * * * " The defendant is obviously referring to "multiplicity," which is the charging of a single offense in separate counts. *United States v. Hairrell*, C.A. 6th (1975), 521 F.2d 1264, 1266[5]; *United States v. Overbay*, D.C. Tenn. (1977), 444 F.Supp. 256, 258[3].

As the defendant concedes, each mailing in furtherance of a scheme to defraud constitutes a separate offense under 18 U.S.C. § 1341. *Badders v. United States* (1916), 240 U.S. 391, 394, 36 S.Ct. 367, 60 L.Ed. 706, 709; *United States v. Aldridge*, C.A. 7th (1973), 484 F.2d 655, 660[11], certiorari denied (1974), 415 U.S. 921, 94 S.Ct. 1423, 39 L.Ed.2d 477. Counts VI and VII, each, alleges a separate mailing on a separate date. Accordingly, there is no multiplicity. Even if there were, such a defect is not sufficient to challenge the legality of an indictment but should be raised on appeal or by post-conviction motion. *United States v. Overbay, supra*, 444 F.Supp. at 258–259[3].

The defendant seeks additionally the dismissal of, or striking from, the indictment of the names of certain insurance companies because: (1) he was insured by two of them under group policies through his employers, and (2) another such company's policy was in effect far in advance of the dates alleged in the indictment. No authority is cited in support of such aspect of the motion, and the Court has not located any. In any event, these are factual matters which should be raised at trial.

The motion of the defendant Mr. Clevenger hereby is DENIED in its entirety.