**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred STEELE and Howard R. Chasteen,
Defendants-Appellants.**

No. 77–5343.

United States Court of Appeals,
Sixth Circuit.

Argued April 18, 1978.

Decided May 24, 1978.

Rehearing Denied July 18, 1978.

John Andrew West, Cincinnati, Ohio, for Howard R. Chasteen.

James N. Perry, Cincinnati, Ohio, for Fred Steele.

Patrick H. Molloy, U. S. Atty., James E. Arehart, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before WEICK, LIVELY and MERRITT, Circuit Judges.

PER CURIAM.

The defendants, Steele and Chasteen, appeal their convictions for the offense of transporting stolen goods in violation of 18 U.S.C. § 2314. Their major argument on appeal is that the District Court erred by failing to conduct a hearing for the purpose of ascertaining on the record whether the defendants intelligently and voluntarily chose to be jointly represented by the same retained lawyer and by failing to advise the defendants of the potential risks of dual representation.

The defendants were represented by retained counsel of their choice. They argue that we should adopt a per se rule under the Sixth Amendment requiring District Judges to conduct a conflict of interest hearing in all such cases, to advise the defendants of their rights to be represented by separate counsel and to warn them of the dangers of dual representation. We decline to adopt such a rule in cases involving counsel retained by defendants. The defendants in this case have not presented any claim of prejudice or demonstrated that there is a factual basis for a finding of a conflict of interest. We do not believe that in cases of dual representation by retained counsel the Sixth Amendment is violated simply by failure to conduct an inquiry into the possibility of conflicting interests, and we do not read *Holloway v. Arkansas,* —— U.S. ——, 98 S.Ct. 1173, 55 L.Ed.2d 426, decided by the Supreme Court, April 3, 1978, as so requiring. We decline to follow the recent Eighth Circuit case, *United States v. Lawriw,* 568 F.2d 98 (1977), which adopts a per se rule. While we agree that it would be wise for District Courts to conduct a conflict of interest hearing in cases of dual representation by retained counsel, we do not believe that the Sixth Amendment requires a per se rule to this effect. A showing of prejudice is necessary where there is dual representation by retained counsel.

We find no merit in defendant Chasteen's other claims based on the sufficiency of the evidence, the admission of other similar wrongful acts, the District Judge's jury summation and instructions and the length of the sentence imposed.

Accordingly, we affirm the judgment of conviction entered by the District Court.