**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John J. FELICE, Jr.,
Defendant-Appellant.**

**No. 79–5008.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 4, 1979.

Decided Nov. 14, 1979.

Rehearing and Rehearing En Banc
Denied Jan. 18, 1980.

Gerald A. Messerman, Gold, Rotatori, Messerman & Schwartz, Cleveland, Ohio, for defendant-appellant.

James R. Williams, U. S. Atty., Cleveland, Ohio, Jody Mateer. Litchford, T. George Gilinsky, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, Chief Judge, KEITH, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Defendant-appellant Felice was indicted on 12 counts of racketeering and embezzling of union funds. Nine of the counts were dismissed by the District Judge on defendant's motions for acquittal, and the jury found appellant guilty on Count 12 only, involving embezzlement of $332.80 from the union's Health and Welfare Fund. This issue is the sole subject of the appeal.

The facts show that Felice had purchased a woman's ring while in Hawaii at a Teamsters Union Conference, and had paid for it by charging it on his American Express card. The American Express bill was mailed to his union office and the union bookkeeper paid it from union funds, according to her testimony, at a time when she was unable to ask Felice about it. This expenditure was, however, approved at an executive board meeting of the Local while Felice was presiding. Defendant's basic argument is that American Express had made a mistake by listing the place of purchase as "La Galleria Original" rather than "Pex of

Hawaii," and that the bookkeeper had made a mistake in paying it by union check. Appellant also claims that he was deprived of a proper charge reflecting his mistake defense when the District Judge did not submit the charge on that subject which his counsel had submitted.

In answer to all of the above the government argues that the evidence shows defendant's personal participation in approving payment by the union's Health and Welfare Fund of the ring purchase, and that the District Judge gave strong instructions on the government's burden for proving beyond reasonable doubt "that Mr. Felice had a fraudulent intent to deprive the union of its funds" and "to act with intent to defraud means to act willfully and with specific intent to deceive or cheat" and that "he did so with fraudulent intent to deprive the union's Health and Welfare Fund of its funds."

On review of this record we find that the charge taken as a whole was ample to protect defendant against conviction for any reason other than intentional fraud, and that the evidence was sufficient to support the jury verdict.

The judgment of conviction is affirmed.