**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael L. CARTER,**
**Defendant-Appellant.**

No. 79–5354.

United States Court of Appeals,
Sixth Circuit.

Decided May 9, 1980.
Argued April 11, 1980.

Dan Wong, Clark, Hellebush, Cunningham & Kepley, Cincinnati, Ohio, for defendant-appellant.

James S. Brady, U. S. Atty., Grand Rapids, Mich., Mervyn Hamburg, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, Chief Judge, BOYCE F. MARTIN, Jr., Circuit Judge, and PHILLIPS, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

This is an appeal from the judgment entered upon defendant's jury conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Defendant was indicted and found guilty on two counts: the robbery itself and being armed during the commission of the offense. He was sentenced to serve fourteen years on each count, the sentences to run concurrently.

The robbery of the Union Bank and Trust Company of Grand Rapids, Michigan took place on April 25, 1979, at about 1:00 p. m. Fifty five-dollar bills with prerecorded serial numbers were taken, a number being found in possession of appellant when he was later arrested. His principal argument on appeal relates to the testimony given at trial by his supervisor, Mrs. Johnson.

While in the bank, appellant was observed and later identified by Freddie Griffen. Appellant left the bank after the robbery, quickly changed his clothes, and proceeded to a nearby apartment complex where he was employed as a custodian. He was late for work and asked his job counselor, Jane Johnson, if she would excuse him for the day while permitting the time records to reflect the fact that he was on the job at 1:00 p. m. She asked why, and he replied to her that he had robbed a bank on Hall Street. She refused his request, and he sought help from another employee, exhibiting to him a large roll of bills. He refused. Appellant was arrested the next day. During their investigation, Jane Johnson was interviewed by agents of the FBI. Because of her need for confidence in her job counseling work, she asked that her name not be disclosed when she told of her conversation with appellant on the day of the robbery. This request was granted, and her statement was treated as if it had come from a confidential informer.

Prior to trial, as part of an informal policy in the district, appellant's counsel was permitted to inspect the case file of the U. S. Attorney. Mrs. Johnson's statement was not in the file. After the inspection by defense counsel and before trial, the eyewitness, Freddie Griffen, was murdered. Because Mrs. Johnson's testimony had become vital to the case, the U. S. Attorney requested, and Mrs. Johnson agreed, to testify. Following her testimony, counsel for appellant moved for a mistrial. It was denied. Appellant took the stand in his own defense denying the robbery and stating he had won the money in a poker game. In rebuttal, the United States recalled FBI Agent Ericksen who interviewed Carter after the robbery. He testified, a report of which had been included in the file turned

over to defense counsel prior to trial, that appellant had told him that the "bait money" had been obtained when he cashed his paycheck the day before at the bank which had been robbed.

We view the basic issue on appeal as whether or not the last minute use of Mrs. Johnson violated any responsibility which the government owed to the appellant. The short answer to that is that the United States is generally under no duty to provide the statement of a government witness until that witness has testified on direct examination in the case. 18 U.S.C. § 3500. *See United States v. Dark,* 597 F.2d 1097, 1099 (6th Cir. 1979); *United States v. Nickell,* 552 F.2d 684 (6th Cir. 1977); *United States v. Wilkerson,* 456 F.2d 57, 61 (6th Cir. 1972); *United States v. Conder,* 423 F.2d 904, 910 (6th Cir. 1970); *United States v. Harris,* 542 F.2d 1283, 1291 (7th Cir. 1976); *United States v. Feinberg,* 502 F.2d 1180 (7th Cir. 1974); *United States v. Pennick,* 500 F.2d 184, 186 (10th Cir. 1974). Rule 16(a)(1)(A) has never been held to provide a broader basis for discovery than 18 U.S.C. § 3500. Although appellant seeks to avoid this line of authority by stating that the witness was an *informer,* i. e., more significant to his trial preparation and the statement made *to* the witness was that of a *defendant,* no cases support this point of view.

We are persuaded that:

A defendant's statement is discoverable when it or an account thereof is "written or recorded" [Rule 16(a)(1)] promptly after the statement is made. Where a written record is contemplated when the statement is made and an account of the statement is eventually written down the writing should be discoverable even if there was some delay. But where the statement is originally memorialized only in the recollection of a witness, then it is not discoverable even if that witness' recollection is eventually written or recorded . . . we accept the Government's rationale that ordinarily "it is 'manifestly impossible' to reveal the contents and circumstances of a defendant's statement without revealing the contents of the prospective witness' statement which is forbidden by Section 3500." (citation omitted)

*Feinberg, supra,* at 1182–1183. *See also United States v. Viserto,* 596 F.2d 531 (2d Cir. 1979). These cases also make it clear that even the fact that the statement was one made by a defendant cannot overcome the 18 U.S.C. § 3500 mandate.

We agree with the appellant that he may have been misled by the incomplete file and that the better course would have been for the prosecution to have submitted the issue to the district court for its consideration. *See Wilkerson, supra,* at 61. The informal practice of the U. S. Attorney in allowing the defense counsel to inspect the case file does not give rise to grounds warranting the reversal of appellant's conviction.

We affirm the conviction; however, as both parties agree, the sentence imposed under count one must be vacated. *See United States v. Gaddis,* 424 U.S. 544, 549 n. 12, 96 S.Ct. 1023, 1027, 47 L.Ed.2d 222 (1976).

Appointed counsel for appellant is to be complemented on a well-written brief and a well-prepared appendix.