**UNITED STATES of America, Plaintiff,**

v.

**Howard G. TENNYSON et al.,
Defendants.**

**No. CR–2–80–13.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 14, 1980.

On Issue of Conflict of Interest
Sept. 19, 1980.

John H. Cary, U. S. Atty., Knoxville, Tenn., by Guy W. Blackwell, Jr., Asst. U. S.

Atty., Greeneville, Tenn., and John C. Littleton, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John S. McLellan, Jr., John S. McLellan, III, and D. Bruce Shine, Kingsport, Tenn., and Richard W. Pectol, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

The motion of the defendants Mr. and Mrs. Tennyson as it relates to a bill of particulars, Rule 7(f), Federal Rules of Criminal Procedure, hereby is DENIED for the failure of the movants to comply with § II A.5.(7)(b) of this Court's Plan for Prompt Disposition of Criminal Cases,[1] and as seeking evidentiary and other matters which are not the proper subject of a bill of particulars.[2] As to everything to which it is directed except the grand jury testimony, the motion of the same defendants for the production of records, reports and/or documents hereby is DENIED for the failure of such motion to comply with § II A.5.(7)(b), *supra*, and as premature. It does not appear that the movants have first sought unsuccessfully the materials from the prosecution. *United States v. Clevenger*, D.C. Tenn. (1978), 458 F.Supp. 354, 357 [4], 356 [2]. That motion should have been directed first to the United States attorney of this district in the form of a request for discovery. *See* 16(a)(1)(A), (B), (C), (D), (d)(2), Federal Rules of Criminal Procedure.

1. " * * * All motions for discovery or for a bill of particulars under Rules 16 and 7(f), respectively, of the Federal Rules of Criminal Procedure shall state that the movant has sought the material requested from the United States Attorney and that the United States Attorney has refused to grant said discovery to provide the matters sought in the bill of particulars. * * *" § II A.5.(7)(b) of the Plan for Prompt Disposition of Criminal Cases of the United States District Court for the Eastern District of Tennessee.

2. Rule 7(f), *supra*, is not the broad investigative tool nor sweeping discovery device which the defendants appear to want to use it as herein. *See United States v. Sanders*, C.A. 6th (1972),

462 F.2d 122, 123 [2]. Such is not a mechanism for the discovery of the government's evidence, *United States v. Armocida*, C.A. 3d (1975), 515 F.2d 49, 54 [7], certiorari denied (1975), 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 84; and it is well–settled that a bill of particulars may not call for evidentiary matters. 1 Wright, Federal Practice and Procedure: Criminal 286, § 129.

In responding to the motion of the defendants, the prosecution has made voluntarily certain particularizations of the indictment herein. The Court thinks that this is sufficient. *United States v. Birmley*, C.A. 6th (1976), 529 F.2d 103, 108 [12].

The defendants seek also the pretrial disclosure to them of all testimony given before the grand jury which indicted them herein. That motion was properly addressed to the Court. *See* Rule 6(e)(2)(C)(i), Federal Rules of Criminal Procedure.[3] Of course, it is clear, and the prosecution readily concedes, that each defendant is entitled, upon request, to a copy of his or her own recorded testimony before the grand jury. Rule 16(a)(1)(A), Federal Rules of Criminal Procedure. Furthermore, it is not disputed that, under the Jencks Act, 18 U.S.C. § 3500(b), (e)(3), the defendants will be entitled, upon motion, to a copy of any grand jury testimony of a witness called by the prosecution at trial which relates to the subject matter as to which he or she has testified at trial. However, " * * * the United States is generally under no duty to provide the statement of a government witness until that witness has testified on direct examination in the case. * * * " *United States v. Carter*, C.A. 6th (1980), 621 F.2d 238, 240. Even the fact that the statement may have been made by a codefendant " * * * cannot overcome the 18 U.S.C. § 3500 mandate. * * * " *Idem.*

■ It is the settled rule in this circuit that before a defendant may have pretrial access to grand jury testimony (other than his own testimony), he must demonstrate a particularized need therefor. *United States v. Stephens*, C.A. 6th (1974), 492 F.2d 1367, 1375 [12], certiorari denied (1974), 419 U.S. 852, 95 S.Ct. 93, 42 L.Ed.2d 83 and 419 U.S. 874, 95 S.Ct. 136, 42 L.Ed.2d 114; *United States v. Johnson*, C.A. 6th (1969), 414 F.2d 22, 28–29 [9], certiorari denied (1970), 397 U.S. 991, 90 S.Ct. 1112, 25 L.Ed.2d 399; *United States v. Hensley*, C.A. 6th (1967), 374 F.2d 341, 352–353 [20], certiorari denied (1967), 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373, rehearing denied (1967), 389 U.S. 891, 88 S.Ct. 25, 19 L.Ed.2d 210; *United States v. Luxenberg*, C.A. 6th (1967), 374 F.2d 241, 247 [6]; *United States v. Felice,*

D.C. Ohio (1978), 481 F.Supp. 79, 83–84, n. 4 (Neese, J.), affirmed C.A. 6th (1979), 609 F.2d 276. Although Mr. and Mrs. Tennyson asserted that they have a particularized need for the disclosure to them of the grand jury testimony, the reasons they give in support of that assertion appear to be little more than a generalized desire by them to see what happened before the grand jury in the hope that something might turn–up therein which would help them defend against the charges herein.

■ The Court thinks that the movants have not demonstrated the existence of a particularized need for the grand jury minutes which outweighs the policy of its secrecy. *See Pittsburg Plate Glass Co. v. United States* (1959), 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323, 1327 (headnote 6). Every defendant would like to know what went on before the grand jury which indicted him; however, disclosure of those proceedings is not proper merely for discovery purposes. *See United States v. Partin*, D.C.La. (1970), 320 F.Supp. 275, 283 [11]. This aspect of the motion hereby is

DENIED.

## ON ISSUE OF CONFLICT OF INTEREST

The defendants Mr. Howard G. Tennyson and Mrs. Mary C. Taylor Tennyson, represented to the Court to be husband and wife, are represented in this criminal action by the retained counsel of their choice, John S. McLellan, Esq. Citing the possibility that a conflict of their respective interests, might arise from such dual representation, the prosecution moved the Court " * * * to conduct an appropriate inquiry * * * " into this matter. To the extent indicated hereinafter, the Court will so inquire limitedly.

■ The Constitution, Sixth Amendment, guarantees to every defendant the fundamental right to the adequate representation

---

3. These defendants do not seek disclosure of the grand jury proceedings under Rule 6(e)(2)(C)(ii), Federal Rules of Criminal Procedure, since they have not attempted to make any claim or showing that grounds may exist

for a motion to dismiss the indictment because of matters occurring before the grand jury. *See United States v. Fife*, C.A. 6th (1976), 573 F.2d 369, 372 [1].

of counsel during the trial of a criminal action. An attorney who represents codefendants whose interests conflict cannot provide the adequate legal assistance required by the Sixth Amendment. *Holloway v. Arkansas* (1978), 435 U.S. 475, 481–482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426, 432–433.

■ The possibility of conflict–of–interest inheres in nearly every instance of multiple representation, however, " * * * multiple representation does not violate the Sixth Amendment unless it gives rise to a conflict of interest. * * * " *Cuyler v. Sullivan* (1980), 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 346 [12]. Even where such conflict exists, the right of a defendant to counsel of his or her own choosing must be respected, and he or she has a perfect right to waive the right to the assistance of an attorney unhindered by a conflict–of–interests. *Holloway v. Arkansas, supra,* 435 U.S. at 482, 98 S.Ct. at 1177, 55 L.Ed.2d at 433 [3b], n. 5.

■ Counsel for Mr. and Mrs. Tennyson, who is an able and experienced trial attorney and certainly not a novice in the handling of criminal cases, states by affidavit that in his opinion his representation of Mr. and Mrs. Tennyson herein " * * * would not likely involve the representation of differing interests * * *." That estimate is entitled to great weight; for, an attorney representing 2 defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict–of–interest exists or is likely to develop in the course of a trial. *Cuyler v. Sullivan, supra,* 446 U.S. at 346–347, 100 S.Ct. at 1717, 64 L.Ed.2d at 346. Such counsel has " * * * an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial. * * * " *Ibid.,* 446 U.S. at 346, 100 S.Ct. at 1717, 64 L.Ed.2d at 345 [10]. Mr. McLellan appears aware fully of this ethical obligation, and the Court must necessarily rely in large measure upon his good faith and judgment. *Ibid.,* 446 U.S. at 347, 100 S.Ct. at 1717, 64 L.Ed.2d at 346 [10].

Absent the existence of special circumstances, this Court may assume either that the multiple representation herein entails no conflict or that the attorney and his clients have accepted knowingly the risk of any conflict that might be present. *Ibid.,* 446 U.S. at 346–347, 100 S.Ct. at 1717, 64 L.Ed.2d at 345–346 [10]. " * * * Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry." *Ibid.,* 446 U.S. at 347, 100 S.Ct. at 1717, 64 L.Ed.2d at 346 [10].

An assistant United States attorney of this district asserts by affidavit that his review of the evidence relating to this case makes it appear to him that Mr. and Mrs. Tennyson " * * * may have conflicting defenses * * *." Other than that rather vague and conclusory allegation, there is nothing now before the Court which would indicate that a conflict–of–interests does exist or that one might reasonably be expected to arise herein. The Court has no way of knowing what the defenses of Mr. and Mrs. Tennyson, respectively, might be to the charges against them herein, and it certainly thinks it would be improper to force them to reveal those matters. Counsel for Mr. and Mrs. Tennyson jointly is the person who knows better than anyone else whether those defenses might involve conflicting interests and he does not seem to think that they would. Under these circumstances, the Court thinks an inquiry is not mandated and is even inadvisable.

■ Nevertheless, when a contention is raised that a conflict–of–interest might be encountered from a dual representation, it is the suggested practice that the Court make sure that the defendants and their counsel are aware of, and have considered, the potential problem and that they know what they are doing by continuing with their dual representation. *See ibid.,* 446 U.S. at 346, 100 S.Ct. at 1717, 64 L.Ed.2d at 345, n. 10, citing Proposed Rule 44(c), Federal Rules of Criminal Procedure; *see also* and *cf. United States v. Steele,* C.A. 6th (1978), 576 F.2d 111, 112, certiorari denied (1978), 439 U.S. 928, 99 S.Ct. 313, 58 L.Ed.2d 321 and *United States v. Georvassilis,* C.A.

6th (1974), 498 F.2d 883, 886 [5]. Accordingly, prior to the commencement of the trial of this action on September 23, 1980, the Court will address Mr. and Mrs. Tennyson and their counsel on this matter.* At that time the prosecution may make any desired representations as to what evidence it feels might indicate a conflict between the interests of Mr. and Mrs. Tennyson. Furthermore, if at any time during the course of these proceedings it should appear that such a conflict has arisen, or might reasonably be expected to arise, the Court will take whatever steps then appear appropriate.

---

* It is suggested that counsel for Mr. and Mrs. Tennyson speak with his clients concerning any possible conflict of their respective interests that might arise herein and the possible ramifications thereof.