## UNITED STATES of America, Plaintiff-Appellant,

v.

## Eugene Andrew Anthony ALGIE, Melvin Bridewell, Richard Kent Skinner and Ruby Humphrey, Defendants-Appellees.

No. 80–5386.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1981.

Decided Jan. 8, 1982.

Patrick Molloy, U. S. Atty., Lexington, Ky., William C. Bryson, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Louis DeFalaise, Covington, Ky., for Skinner.

Thomas C. Smith, Covington, Ky., for Humphrey.

Richard Slukich, Covington, Ky., for Algie.

R. Michael Murphy, Asst. Federal Public Defender, Lexington, Ky., H. Louis Sirkin, Cincinnati, Ohio, for Bridewell.

Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge, and CECIL, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

This case presents a clash between the laudable desire of a District Judge to manage his docket efficiently and the delays in that process which are mandated by the insistence of the United States Attorney in this case on strict adherence to the language of the Jencks Act, 18 U.S.C. § 3500 (1976). The relevant section of the Jencks Act is as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a) (1976).

The facts which produced this appeal are not in dispute.

The District Judge appraised the issues and in part answered them as follows:

The primary issue before the court in this matter is whether the court may invoke its inherent powers and the provisions of Rules 102 and 403 of the Federal Rules of Evidence in fulfilling its ethical obligation "to *insist* that court officials, litigants and their lawyers cooperate" with the court to achieve the goal of "prompt disposition of the court's business."

\*    \*    \*    \*    \*    \*

Other issues here presented are (1) whether the provision of the Jencks Act that witnesses' statements must be produced by the United States only after the direct examination of the witness, as a statute relating to criminal procedure and evidence, may be interpreted in the light of the subsequently enacted Federal Rules of Evidence above mentioned, Rules 2 and 17.1 of the Federal Rules of Criminal Procedure and the ethical standards quoted; (2) whether the terms of the Jencks Act may be applied in a manner that in complex criminal cases, as a practical matter, deprives the defendants of due process of law and effective assistance of counsel; (3) where the time limitations of the Jencks Act must yield when literal observance of them will deprive litigants in other cases of their constitutional rights; and (4) whether the United States Attorney has a legal or ethical obligation to respond to the court's insistence, pursuant to its ethical obligations, that certain practices be eliminated which, by reason of needless waste of time, are resulting in a denial of substantial justice to thousands of litigants with cases on the docket of this court.

These issues arise by reason of the United States Attorney's adamant refusal, after being not only requested but ordered by the court, to produce Jencks Act statements in this complex criminal case on the evening prior to a witness' testimony in the instance of regular witnesses and five days prior to trial in the instance of government agents or police officers. The court made clear that it would hear the United States Attorney on any special circumstances why such production would be prejudicial to the United States, and that if he could represent to the court that there was any danger of witness intimidation or any similar consideration, the court would be prepared to make exceptions.

The United States Attorney stated in effect in open court that he would insist on adhering to the literal compliance of the Jencks Act time frame in this and all other criminal cases, unless, in his uncontrolled discretion, he chose to respect the court's order. In substance, the United States Attorney stated his intention to maintain this position in all criminal cases present and future regardless of its effect on the criminal and civil dockets of the court, and on the rights of criminal defendants and other litigants.

Recognizing that the United States Attorney was acting in good faith, albeit in the opinion of the court in a spirit of misguided zeal, the court chose not to employ its contempt powers, but rather to impose the sanction, pursuant to F.R.Ev. 403, that no witness would be allowed to testify, unless the court's order had been obeyed with respect to that witness. The United States Attorney informed the court that he would not comply with the order and moved for a continuance so as to take an immediate appeal, pursuant to 18 U.S.C. § 3731.

This appeal has resulted.

Although we have quoted at some length from the District Judge's opinion, we have by no means done justice to his position. He refers in great detail to the docket problems he inherited when he became Judge of the United States District Court, including a backlog of over 250 civil cases, and in other divisions of the court a backlog of several thousand cases, all of which, under the Speedy Trial Act, were delayed as to hearing for lengthy periods by the multiplicity of criminal trials and the time required to adjudicate them.

Further, the District Judge relies upon Rules 102 and 403 of the Federal Rules of Evidence and their careful enactment by

Congress as amending the Jencks Act by implication so as to allow a District Judge to order earlier production of witness statements by the government in order to avoid lengthy trial delays.

Briefly put, the Judge's policy, as he outlines it, has been to order the United States Attorney to furnish statements taken by the government which would be covered by the Jencks Act five days in advance of trial, absent some specific reason to the contrary, and in any event, the night before the witness was to testify. Under this policy the District Judge cites statistics to indicate great progress in docket control and a substantial increase in numbers of pleas obviating any trial at all, and a substantial diminution in the length of trials which actually have occurred.

We emphasize that we heartily approve of the District Judge's objectives in seeking to bring about the disposition of his crowded docket, and applaud his efforts in this regard. We hope that will continue and that he will succeed in securing the maximum cooperation with his trial plans that it is possible to achieve from such voluntary cooperation as may be had from the United States Attorney.

It is, however, our manifest duty as we see it to say that the exigencies of court administration which the District Judge has cited do not authorize us to sanction any amendment of the mandatory language of the Jencks Act, nor do we find in Rules 102 and 403 of the Federal Rules of Evidence and their adoption by Congress any intention on the part of Congress to amend the Jencks Act or to authorize a District Judge to require a United States Attorney to deviate from its terms against his judgment. The authority for the point of view expressed in this opinion is, we believe, overwhelming. The following cases are directly in point in that they deal with government appeals from District Court orders requiring earlier production of statements than is required by the Jencks Act. *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979); *United States v. Callahan*, 534 F.2d 763, 765 (7th Cir. 1976); *United States v.*

*Spagnuolo*, 515 F.2d 818, 821 (9th Cir. 1975); *United States v. Sebastian*, 497 F.2d 1267, 1270 (2d Cir. 1974); *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974); *United States v. McMillen*, 489 F.2d 229, 230 (7th Cir. 1972).

It is relevant to quote a portion of the Senate Report which accompanied Senate adoption of the Jencks Act in 1957:

One of the causes of misinterpretations [of the *Jencks* decision] is the fact that there appears to be great uncertainty as to when the statements of witnesses are to be produced .... The committee is of the opinion, and the bill so provides, that statements of witnesses should not be subject to production until the Government witness, who is the putative source of such statements, has himself testified. In other words, it is the specific intent of the bill to provide for the production of statements, reports, transcriptions or recordings, as described in the bill, after the Government witness has testified against the defendant on direct examination in open court, *and to prevent disclosure before such witness has testified.*

S.Rep.No.981, 85th Cong., 1st Sess. 4 (1957), reprinted in [1957] U.S.Code Cong. & Admin.News 1863.

While this court has not had occasion to pass on the specific problem posed by this case, its Jencks Act cases have been entirely consistent with what has been written above. *United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980); *United States v. Boyd*, 620 F.2d 129, 132 (6th Cir. 1980); *United States v. Wilkerson*, 456 F.2d 57, 61 (6th Cir. 1972), *cert. denied*, 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972); *Roberson v. United States*, 282 F.2d 648, 650 (6th Cir. 1960), *cert. denied*, 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 108 (1960).

What the United States seeks in this appeal is "simply to preserve for the prosecution the decision to produce Jencks Act material earlier as an option rather than a decision that the District Judge may oversee or even override." This option is authorized by the Jencks Act. The United States also notes the intention of the United

States Attorney for the Eastern District of Kentucky to continue the policy in many cases of "advanced disclosure of Jencks Act materials to defendants."

For the reasons so ably spelled out by the District Judge in this case, we trust that that option will be used freely by the United States Attorneys in this circuit in all instances where there is not substantial reason for the prosecution to hold its cards as tightly to its chest as the Jencks Act clearly authorizes it to do.

The order of the District Court is reversed and the case is remanded for trial.