**UNITED STATES of America, Plaintiff,**

v.

**Lonnie Roger STINSON, et al., Defendants.**

**No. CR–2–82–48.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

Sept. 10, 1982.

**137**

John W. Gill, Jr., U.S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., for plaintiff.

Gary Lee Goldstein, Sherrod, Stanley & Goldstein, Johnson City, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, Senior District Judge, Sitting by Designation.

### I.

### MOTIONS OF THE DEFENDANT MR. HOWARD FRANKLIN WATTS

#### A.

His motion for discovery and inspection hereby is

■ DENIED as premature, moot and overbroad in seeking materials outside the scope of permissible pretrial discovery. *United States v. Short,* C.A.6th (1982), 671 F.2d 178, 187[12], certiorari denied (1982), 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332; *United States v. Algie,* C.A.6th (1982), 667 F.2d 569; *United States v. Kendricks,* C.A.6th (1980), 623 F.2d 1165, 1168[7]; *United States v. Carter,* C.A.6th (1980), 621 F.2d 238, 240[1, 2]; *United States v. Largent,* C.A.6th (1975), 545 F.2d 1039, 1043–1044[10]; *United States v. Tennyson,* D.C.Tenn. (1980), 88 F.R.D. 119, 120[1]; *United States v. Clevenger,* D.C. Tenn. (1978), 458 F.Supp. 354, 357[4], 356[2].

## B.

■ His motion for a pretrial conference hereby is

DENIED, the Court not being of the opinion that such a conference would aid in promoting " * * * a fair and expeditious trial. * * * " Rule 17.1, Federal Rules of Criminal Procedure.

## C.

■ Mr. Watts moved also for a transfer of this proceeding, as to him, to the Eastern District of North Carolina for the convenience of the parties and witnesses, and in the interest of justice. Rule 21(b), Federal Rules of Criminal Procedure; the principal contention of the movant is that the witnesses he might offer at trial reside in such district and " * * * are of meager or moderate means and it will pose a hardship on them and on [him] to travel to Tennessee for trial. * * * " He asserts also that he does not have the financial means to provide for their transportation to this district.

The simple solution to this problem would be for Mr. Watts to make appropriate application under the provisions of Rule 17(b), Federal Rules of Criminal Procedure. That it might be inconvenient to the movant and his witnesses for his trial to be held in this district is not sufficient reason to transfer his trial elsewhere; to warrant such a transfer, the defendant

> * * * must demonstrate to the court's satisfaction that the prosecution in the district where the indictment was properly returned will result in a substantial balance of inconvenience to himself. Mere inconvenience, interference with one's routine occupational and personal activities, and other incidental burdens which normally follow when one is called upon to resist a serious criminal charge does not ipso facto make the necessary showing that a transfer under FRCrP 21(b) is required in the interest of justice.

> \* \* \* \* \* \*

8 Federal Procedure, Lawyers Edition 673, § 22:75 (footnote references omitted).

Mr. Watts has not shown such to this Court's satisfaction. Were the Court to grant his motion, it would result in a single conspiracy charge being tried once in this district and again in the Eastern District of North Carolina.

Exactly how such a procedure would facilitate the convenience of the parties and witnesses involved is unclear; apparently it would only create further inconvenience by requiring them to appear for two trials instead of one. " * * * [G]reat inconvenience caused to all parties by the splitting of trials cannot be countenanced unless it can be shown that greater inconvenience might be averted by such procedure, and the interest of justice and the convenience of witnesses may best be served by trying all the defendants in the same district." *Ibid.,* at 672, § 22.74 (footnote references omitted). The motion, therefore, hereby is

DENIED for the assigned reasons.

## II.

## MOTIONS OF THE DEFENDANT MR. SANDY WHITE, JR.

### A.

■ His motion for a continuance of the trial hereby is

DENIED as premature, no trial date having been assigned for this defendant who has not yet been arraigned.

### B.

His motion for a transfer of this proceeding as to Mr. White to the Eastern District of North Carolina for the convenience of the parties and witnesses, and in the interest of justice, Rule 21(b), *supra,* hereby is

DENIED for the same reasons assigned *supra* with respect to the identical motion of the defendant Mr. Watts.

### C.

The motion of Mr. White, Jr. for discovery hereby is

DENIED as premature, moot and overbroad in seeking materials outside the scope of permissible pretrial discovery. *United States v. Short,* C.A.6th (1982), 671 F.2d

178, 187[12], certiorari denied (1982), 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332; *United States v. Algie,* C.A.6th (1982), 667 F.2d 569; *United States v. Kendricks,* C.A.6th (1980), 623 F.2d 1165, 1168[7]; *United States v. Carter,* C.A.6th (1980), 621 F.2d 238, 240[1, 2]; *United States v. Largent,* C.A.6th (1976), 545 F.2d 1039, 1043–1044[10]; *United States v. Tennyson,* D.C. Tenn. (1980), 88 F.R.D. 119, 120[1]; *United States v. Clevenger,* D.C.Tenn. (1978), 458 F.Supp. 354, 357[4], 356[2].

### III.

### THE MOTIONS OF THE DEFENDANT MR. EDDIE EARL ARMS

#### A.

His motion for discovery and inspection hereby is

DENIED as premature, moot and overbroad in seeking materials outside the scope of permissible pretrial discovery. *United States v. Short,* C.A.6th (1982), 671 F.2d 178, 187[12], certiorari denied (1982), 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332; *United States v. Algie,* C.A.6th (1982), 667 F.2d 569; *United States v. Kendricks,* C.A.6th (1980), 623 F.2d 1165, 1168[7]; *United States v. Carter,* C.A.6th (1980), 621 F.2d 238, 240[1, 2], *United States v. Largent,* C.A.6th (1976), 545 F.2d 1039, 1043–1044[10]; *United States v. Tennyson,* D.C. Tenn. (1980), 88 F.R.D. 119, 120[1]; *United States v. Clevenger,* D.C.Tenn. (1978), 458 F.Supp. 354, 357[4], 356[2].

#### B.

■ His motion under Rule 12(d)(2), Federal Rules of Criminal Procedure, hereby is

DENIED as improper. The pertinent portion of this rule is operative by request to the United States attorney, not by motion to the Court.

### IV.

### MOTIONS OF THE DEFENDANT MR. LONNIE ROGER STINSON

#### A.

■ His motion for a transcript of the grand jury proceedings hereby is

DENIED. *United States v. Short,* C.A.6th (1982), 671 F.2d 178, 183–187.

#### B.

■ His motion to dismiss the indictment herein for the alleged denial of his right to a speedy trial hereby is

DENIED. Mr. Stinson apparently overlooks the applicable provisions of 18 U.S.C. § 3161(b), (c), and (d)(1). According to the calculations of the Court, his trial is scheduled to commence within the 70-day period established by the Congress.

The movant has wholly failed to establish his right to a dismissal of the indictment under Rule 48(b), Federal Rules of Criminal Procedure, or under the Constitution, Sixth Amendment, Speedy Trial Clause. He does not appear serious about this position and, if he really is, he may raise the matter posttrial, when, and if, he is convicted. *See United States v. McDonald* (1978), 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18, 26 ("The resolution of a speedy trial claim necessitates a careful assessment of the particular facts of the case. As is reflected in the decisions of this Court, most speedy trial claims, therefore, are best considered only after the relevant facts have been developed at trial.") The Speedy Trial Clause does not encompass a right not to be tried. *Ibid.,* 435 U.S. at 861, 98 S.Ct. at 1553, 56 L.Ed.2d at 27[10].

#### C.

■ Mr. Stinson seeks a severance from his codefendants and a separate trial, Rule 14, Federal Rules of Criminal Procedure, on the sole ground that, in a joint-trial, he will not be able to avail himself of the testimony of his codefendants because they may invoke their respective rights not to take the witness stand, Constitution, Fifth Amendment. His is a meritless claim on this ground.

■ " * * * [T]he general rule in conspiracy cases is that persons jointly in-

dicted should be tried together and that is particularly true where the offenses charged may be established against all of the defendants by the same evidence and which result from the same series of acts. * * * " *United States. v. Dye,* C.A.6th (1974), 508 F.2d 1226, 1236[21], certiorari denied (1975), 420 U.S. 974, 95 S.Ct. 1395, 41 L.Ed.2d 653. The grant of a severance and separate trial on the ground which is advanced by Mr. Stinson is not favored, and the burden is on him " * * * to make an adequate showing of prejudice· to justify disregarding the general rule favoring a joint trial for persons jointly indicted. * * " *United States v. Vaughn,* C.A.6th (1970), 422 F.2d 812, 814[3].

· Mr. Stinson did not carry his burden. He has not established that the testimony of any codefendant would be exculpatory of him, and that such codefendant would in fact testify at a separate, but not at a joint, trial. *See United States v. Grooms,* D.C. Tenn. (1969), 320 F.Supp. 498, 500[3]; affirmed C.A.6th (1970), 438 F.2d 967, certiorari denied (1970), 400 U.S. 929, 91 S.Ct. 189, 27 L.Ed.2d 190.

Although such motion hereby is

DENIED, the Court will grant a severance and separate trial to Mr. Stinson should it appear at any stage of the joint-trial that substantial prejudice will result to him therefrom.*

### D.

■ His motion for a bill of particulars, Rule 7(f), Federal Rules of Criminal Procedure, hereby is

DENIED. *Will v. United States* (1967), 389 U.S. 90, 98–99, 88 S.Ct. 269, 275[13], 19 L.Ed.2d 305; *United States v. Birmley,* C.A.6th (1976), 529 F.2d 103, 108[12].

### E.

All his discovery-type motions, however he has denominated them, hereby are

* In all probability, the grant to Mr. Stinson of a separate trial would delay further the final resolution of the charges pending against him herein; his claim, that he is presently being

DENIED as premature, moot and overbroad in seeking materials outside the.scope of permissible pretrial discovery. *United States v. Short, supra,* C.A.6th (1982), 671 F.2d 178, 187[12], certiorari denied (1982), 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332; *United States v. Algie,* C.A.6th (1982), 667 F.2d 569; *United States v. Kendricks,* C.A.6th (1980), 623 F.2d 1165, 1168[7]; *United States v. Carter,* C.A.6th (1980), 621 F.2d 238, 240[1, 2]; *United States v. Largent,* C.A.6th (1976), 545 F.2d 1039, 1043–1044[10]; *United States v. Tennyson,* D.C.Tenn. (1980), 88 F.R.D. 119, 120[1]; *United States v. Clevenger,* D.C. Tenn. (1978), 458 F.Supp. 354, 357[4], 356[2].

### F.

■ His motion to suppress any confessions of Mr. Stinson will be considered at trial when, and if, any such confession is sought to be introduced into evidence. *See* 18 U.S.C. § 3501.

### G.

■ His motion for additional time within which to file additional (unidentified) pretrial motions hereby is

DENIED. (Too many insubstantial motions have already been filed.)

### H.

■ His motion for·an oral hearing on the motions already filed hereby is

DENIED. Counsel should have availed himself of the opportunity to enlighten the Court as to the position of his client by submitting a brief with his motions as required by our local Rule 12(a).

### V.

### MOTIONS OF THE DEFENDANT MR. RONALD ˙W. SHOEMAKER

### A.

His motion for discovery hereby is

denied a speedy trial on these charges, will be weighed against his request for a separate trial when, and if, the need for a separate trial might arise.

DENIED as premature, moot and overbroad in seeking materials outside the scope of permissible discovery. *United States v. Short,* C.A.6th (1982), 671 F.2d 178, 187[12], certiorari denied (1982), 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332; *United States v. Algie,* C.A.6th (1982), 667 F.2d 569; *United States v. Kendricks,* C.A.6th (1980), 623 F.2d 1165, 1168[7]; *United States v. Carter,* C.A.6th (1980), 621 F.2d 238, 240[1, 2]; *United States v. Largent,* C.A.6th (1976), 545 F.2d 1039, 1043–1044[10]; *United States v. Tennyson,* D.C.Tenn. (1980), 88 F.R.D. 119, 120[1]; *United States v. Clevenger,* D.C.Tenn. (1978), 458 F.Supp. 354, 357[4], 356[2].

### B.

█ His motion for two additional weeks in which to file additional (unidentified) pretrial motions hereby is

DENIED. The movant appears to have had ample time in which to have filed any pertinent motions.

### C.

His motion for a bill of particulars, Rule 7(f), Federal Rules of Criminal Procedure, hereby is

DENIED. *Will v. United States* (1969), 389 U.S. 90, 98–99, 88 S.Ct. 269, 275[13], 19 L.Ed.2d 305; *United States v. Birmley,* C.A.6th (1976), 529 F.2d 103, 108[12].

### D.

█ His motion *in limine* hereby is

DENIED. When, and if, during the course of the trial, the prosecution seeks to introduce evidence, under the provisions of Rule 801(d)(2)(E), Federal Rules of Evidence, to which objection is made, the Court will adjudicate such matter in accordance with the law of this Circuit. *See United States v. Vinson,* C.A.6th (1979), 606 F.2d 149; *United States v. Enright,* C.A.6th (1978), 579 F.2d 980.