UNITED STATES of America, Plaintiff,

v.

Ronald COLLIS, Defendant.

Crim. A. No. 94–80967.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 7, 1995.

See also 875 F.Supp. 398.

David C. Tholen, Federal Defender's Office, Detroit, MI, for defendant Collis.

Stephen L. Hiyama, U.S. Atty's. Office, Detroit, MI, for plaintiff U.S.

### MEMORANDUM OPINION AND ORDER REVERSING IN PART MAGISTRATE JUDGE PEPE'S ORDER FOR DISCOVERY

GADOLA, District Judge.

Defendant Ronald Collis was charged by Indictment with obstruction of justice, in vio-

lation of 18 U.S.C. § 1503, and serving in a prohibited capacity to a benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., in violation of 29 U.S.C. § 1111. Defendant filed a motion for discovery which this court referred to Magistrate Judge Pepe pursuant to 28 U.S.C. § 636(b)(1)(A). Magistrate Judge Pepe issued an order granting in part defendant's motion. The United States filed objections to the order. For the reasons discussed below, the court will reverse in part Magistrate Judge Pepe's order.

## I. Standard of Review

Under Title 28 U.S.C. § 636(b), a magistrate may hear and decide certain dispositive and nondispositive pretrial motions. In the instant case, the court referred defendant's motion for discovery, a nondispositive motion, to Magistrate Judge Pepe. Under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and LR 72.1(d)(1) (E.D.Mich. Dec. 6, 1993), a party may object to a magistrate judge's order before a district judge within ten days after service of the order. The United States has filed such an objection. A district court reviewing a magistrate judge's order will only reverse the order if it is clearly erroneous or contrary to law. Fed. R.Civ.P. 72(a).

## II. Analysis

Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure states in relevant part:

(a) Governmental Disclosure of Evidence

(1) Information Subject to Disclosure

(A) Statement of Defendant

Upon request of a defendant the government shall disclose to the defendant and make available for inspection, copying or photographing:

*any relevant written or recorded statements made by defendant,* or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government;

that *portion of any written record containing the substance of any relevant oral statement made by defendant* whether before or after arrest *in re-*

*sponse to interrogation by any person then known to the defendant to be a government agent;* and

recorded testimony of the defendant before a grand jury which relates to the offense charged.

The government shall also disclose to the defendant *the substance of any other relevant oral statement made by the defendant* whether before or after arrest *in response to interrogation by any person then known by the defendant to be a government agent* if the government intends to use that statement at trial.

Fed.R.Crim.P. 16(a)(1)(A) (emphases added).

In his motion for discovery, defendant requested that the court order the United States to produce defendant's statements to third parties. The United States argued that it was not required to disclose statements made by defendant to third parties who were not known by defendant at the time of the statements to be government agents. Magistrate Judge Pepe held the following:

The plain language of Fed.R.Crim.P. 16(a)(1)(A) is clear on this point. Statements made by a criminal defendant to a third party that have been reduced to written or recorded form are discoverable. ... [All] statements made by a criminal defendant to a third party who will be called as a government witness are governed by the Jencks Act. ... But statements to a third party who will not be called as a witness are immediately discoverable under Fed.R.Crim.P. 16(a)(1)(A). Thus, the government must immediately produce all statements made by defendant to a third party and reduced to writing or otherwise recorded unless that third party will be called as a witness at trial.

Magistrate Judge Pepe's order, at 6.

The United States makes two arguments in its objections to Magistrate Judge Pepe's order. First, documentation of an oral statement is distinct from a written statement under Rule 16(a)(1)(A). Under the first clause of the rule, a written statement made by defendant is discoverable. However, an oral statement made by defendant is discoverable only under certain circumstances.

The United States argues that documentation of an oral statement does not transform it into a "written or recorded" statement under the first clause of Rule 16(a)(1)(A). Second, the United States argues that Rule 16(a)(1)(A) does not require the government to produce all oral statements made by defendant to a third party who will not be called as a witness.[1] Under Rule 16(a)(1)(A), the government is only required to produce defendant's oral statements made in response to an interrogation by a person then known to defendant to be a government agent.

In the order, Magistrate Judge Pepe explained that the plain language of Rule 16(a)(1)(A) requires the United States to provide the defendant with statements he made to a third party that have been reduced to written or recorded form. Rule 16(a)(1)(A) provides for discovery of defendant's statements which are written or recorded. However, the plain language of the rule does *not* state that an oral statement which is later written or recorded is transformed into a written or recorded statement and thereby discoverable under Rule 16(a)(1)(A). The Tenth Circuit analyzed this issue in the following manner:

> In our view, the statements sought to be discovered were clearly "oral statements," even though they were subsequently summarized by the agents. In order for a statement, oral or written, to be discoverable, it would appear that the statement must in some manner be recorded; a defendant would be hard pressed to discover the ears of an interrogating officer. The mere fact of summarizing an oral statement could surely not transform it into a written/recorded statement; to hold otherwise would render meaningless the distinc-

tion between oral and written statements under the rule.

*United States v. McClure*, 734 F.2d 484, 493 (10th Cir.1984). The Second Circuit explained that a witness' notes of a defendant's oral statements were not "recorded statements by defendant" because the oral statements were "memorialized originally only in the recollection of [the] witness" and "[n]o written record was contemplated when the [oral] statement was made." *United States v. Viserto*, 596 F.2d 531 (2nd Cir.1979), *cert. denied*, 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979).[2] The Sixth Circuit cited *Viserto* with approval in *United States v. Carter*, 621 F.2d 238, 240 (6th Cir.1980). However, the Sixth Circuit also stated that if the third party contemplated making a written record at the time of the statement then even if there is some delay between the verbal statement of a defendant and the written record of the statement or "an account thereof" the statement is still discoverable. *Id.* at 240. Therefore, Magistrate Judge Pepe's order is reversed only to the extent that it permitted discovery under Rule 16(a)(1)(A) of defendant's oral statements to a third party who will not be called as a government witness and who did not intend to make a written record at the time of the statements but later summarized or recorded the statements in notes.

The United States also objects to the language in the order that "statements to a third party who will not be called as a witness are immediately discoverable under Fed.R.Crim.P. 16(a)(1)(A)." Order, at 6. The court finds that this statement is not an actual holding of the order because it is followed with: "Thus, the government must immediately produce all statements made by defendant to a third party and reduced to

---

1. In its objections, the United States argues that Magistrate Judge Pepe made two erroneous holdings. First, "[s]tatements made by a criminal defendant to a third party that have been reduced to written or recorded form are discoverable" under Rule 16(a)(1)(A). Order, at 5. Second, defendant's "statements to a third party who will not be called as a witness are immediately discoverable under Rule 16(a)(1)(A)." Order, at 6. Upon reading the order, the court finds that the only holding made by Magistrate Judge Pepe regarding discovery under Rule

16(a)(1)(A) is that "the government must immediately produce all statements made by defendant to a third party and reduced to writing or otherwise recorded unless that third party will be called as a witness at trial." Order, at 6. The court will address its analysis to the actual holding of the order.

2. In 1987, the Second Circuit reaffirmed the holding of *Viserto* in *In re United States*, 834 F.2d 283, 184 (2d Cir.1987).

writing or otherwise recorded unless that third party will be called as a witness at trial." Order, at 6. The court has already addressed the extent to which this order will be modified.

### ORDER

Therefore, it is hereby **ORDERED** that Magistrate Judge Pepe's order granting in part defendant's motion for discovery is **RE-VERSED** to the extent that it permits discovery under Rule 16(a)(1)(A) of defendant's oral statements to a third party who will not be called as a government witness and did not intend to make a written record at the time of the statements but later summarized or recorded the statements in notes.

**SO ORDERED.**