**UNITED STATES of America, Plaintiff,**

v.

**Marvin M. TRAGASH, Defendant.**

**No. CR-1-87-95.**

United States District Court, S.D. Ohio, W.D.

May 17, 1988.

Kathleen Brinkman, Asst. U.S. Atty., for plaintiff.

Thomas W. Miller, Cincinnati, Ohio, Robert N. Scola, Jr., Coral Gables, Fla., for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant's Motions for Discovery (doc. nos. 7 and 9), and the Government's responses thereto (doc. nos. 13 and 14).

Defendant's motions relating to discovery, and the Court's consideration of the same, are governed by Rule 16 of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(A) provides in pertinent part:

Upon request of a defendant, the Government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; the substance of any oral statement which the Government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a

Government agent; and recorded testimony of the defendant before a Grand Jury which relates to the offense charged.

Accordingly, defendant's motion for such disclosure is hereby GRANTED.

Rule 16(a)(1)(C) provides in pertinent part:

Upon request of the defendant, the Government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belonged to the defendant.

Accordingly, defendant's motion for such disclosure is hereby GRANTED.

Rule 16(a)(2) outlines the information not subject to disclosure, and provides that:

Except as provided in paragraphs A, B and D of subdivision (a)(1), this Rule does not authorize the discovery or inspection of reports, memoranda, or other internal Government documents made by the attorney for the Government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500.

The United States Court of Appeals for the Sixth Circuit has repeatedly held that Rule 16(a)(2) does not authorize the pre-trial discovery or inspection of statements made by government witnesses or prospective government witnesses. *United States v. Wilkerson,* 456 F.2d 57 (6th Cir.1972), *cert. denied* 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972); *United States v. Conder,* 423 F.2d 904 (6th Cir.1970), *cert. denied* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970). A defendant has no pre-trial access as a matter of right to the names and the criminal records of proposed government witnesses. *United States v.*

*Short,* 671 F.2d 178, 187 (6th Cir.), *cert. denied,* 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332 (1982); *United States v. Conder,* 423 F.2d at 910. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) does not hold that a defendant is entitled to pre-trial disclosure of plea agreements or other inducements regarding witnesses. Rule 16 does not provide a broader basis for discovery than 18 U.S.C. § 3500, *United States v. Carter,* 621 F.2d 238 (6th Cir.), *cert. denied* 449 U.S. 858, 101 S.Ct. 158, 66 L.Ed.2d 73 (1980), nor is the defendant accorded such pre-trial discovery rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Further, Rule 16 does not require disclosure of statements of the defendant made to a third party witness or to undercover agents not then known as such to the defendant, and courts have generally denied such requests. *United States v. Green,* 548 F.2d 1261, 1267 (6th Cir.1977); *United States v. Zarattini,* 552 F.2d 753, 757 (7th Cir.), *cert. denied* 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed.2d 262 (1977). Also, statements made by co-conspirators or co-defendants are likewise undiscoverable. *Id.*

A district court has no discretion to require the United States to produce Jencks material before the completion of direct examination of a witness at trial. *United States v. Algie,* 667 F.2d 569 (6th Cir.1982). The law in this Circuit is quite clear that the Jencks Act, 18 U.S.C. § 3500, forbids a district court from ordering pretrial disclosure of "statement[s]" made by government witnesses until that witness has testified on direct examination. *Short,* 671 F.2d at 178. *See also United States v. Harris,* 542 F.2d 1283 (7th Cir.1976) (pretrial disclosure forbidden by the Act). Therefore, in accordance with 18 U.S.C. § 3500, the United States will be required to produce any "statement" of a witness, called by the United States, after such witness has testified on direct.

Accordingly, defendant's motion for such discovery is hereby DENIED.

IT IS SO ORDERED.